## N. Y. SUPREME COURT.

HOMER MORGAN *et al.*, executors, &c., agt. ADELINE WIL-
LIAMS, individually, and as executrix, &c., *et al.*, impleaded
with ADELINE W. TURNER *et al.*

*Will — Construction of.*

Where the general scheme of the will of P. was the creation of a trust in
the executors as trustees, the trust fund, comprising the whole estate,
except as to certain legacies, all of which have long since been paid,
during the lifetime of the testator's niece A. W. T., to whom was
bequeathed a life annuity, payable in semi-annual instalments, the entire
property to be kept invested and remain together until her death. The
testator then divided the residue of the income of the estate into ten
portions, and bequeathed the same severally to ten persons, directing
payments to be made thereof from time to time until the arrival of the
time when two certain legacies were to be paid. This has been done
and the said two legacies paid, and the residue of the income arising
from the investments which make up the trust estate, is now being
paid pursuant to the tenth clause of the will, which reads as follows:

" *Tenth.* After the payment of the aforesaid legacies (meaning those
last mentioned) * * * the remainder and residue of the income of
my estate and property shall continue to be paid to (the said ten benefi-
ciaries, naming them, including one J. W. W.), each having one-tenth
part of the same. And this shall continue up to the time of the decease
of my aforesaid neice A. W. T."

" *Eleventh.* After the decease of my said niece A. W. T., and the pay-
ment of the aforesaid legacies, I order and direct that then all the
residue and remainder of my estate and property shall be equally
divided by my executors hereinafter mentioned between * * *
(naming the said ten beneficiaries, including the said J. W. W.), each
to have and receive one-tenth part of the same. And in case of the
decease of either of the last mentioned residuary legatees, the part or
portion which would go to such legatee so deceased, shall go to the
child or children of the same ; but if they have no child or children,
then to the legal heirs of such legatee." A. W. T. (the life annuitant) still
lives, but the said J. W. W. died on the 6th of April, 1883, leaving a
widow and four children, all of full age, and a will which provides :

" *Item 1st.* I give and devise to my wife the legacy coming to me from
the estate of P. Also all property of every description during her
natural life (she, however, selling so much thereof as may be sufficient

to pay my just debts). At the death of my said wife said property and estate to be equally divided amongst my heirs as the law directs."

*Held,* that upon the happening of the death of one of the beneficiaries to whom a share of the income was, by the terms of the will of P., made payable during the life of A. W. T., as provided for in the tenth clause of the will, the share of the person so dying should thereafter be paid to the legal representatives of the person so dying up to the time of the death of A. W. T.

*Held,* also, that the testamentary disposition made by J. W. W. of the legacy coming to him from the estate of P., carries his portion of the income bequeathed to him by P., and it should be paid to the person entitled to receive the same under his will.

*Special Term, December,* 1883.

APPLICATION for a judicial construction of certain provisions of the will of Edward E. Powers, deceased.

The deceased, who was domiciled in the state of Georgia, died 12th June, 1855, leaving a will which was admitted to probate in the county and state of New York, and his entire estate, consisting exclusively of personal property, has remained there in the custody of the acting executor.

The general scheme of the will is the creation of a trust in the executors as trustees ; the trust fund, comprising the whole estate, except as to certain legacies, all of which have long since been paid, during the lifetime of the testator's niece, Adaline Ann Williams, now Mrs. Adaline W. Turner, to whom was bequeathed a life annuity, payable in semi-annual instalments ; the entire property to be kept invested and remain together until her death.

The testator then divided the residue of the income of the estate into ten portions and bequeathed the same severally to ten persons, directing payments to be made thereof from time to time until the arrival of the time when two certain legacies were to be paid.

This has been done and the said two legacies paid, and the residue of the income arising from the investments which make up the trust estate, is now being paid pursuant to the tenth clause of the will, which reads as follows :

" *Tenth.* After the payment of the aforesaid legacies (meaning those last mentioned) * * * the remainder and residue of the income of my estate and property shall continue to be paid to (naming the said ten beneficiaries, including one Jefferson Warren Williams) each having one-tenth part of the same. And this shall continue up to the time of the decease of my aforesaid niece Adaline Ann Williams."

The next clause, the eleventh, provides for the distribution upon the termination of the trust, and reads :

" *Eleventh.* After the decease of my said niece Adaline Ann Williams, and the payment of all the aforesaid legacies, I order and direct that then all the residue and remainder of my estate and property shall be equally divided by my executors hereinafter mentioned, between * * * (naming the said ten beneficiaries including the said Jefferson Warren Williams) each to have and receive one-tenth part of the same. And in case of the decease of the last mentioned residuary legatees, then the part or portion which would go to such legatee so deceased, shall go to the child or children of the same ; but if they have no child or children, then to the legal heirs of such legatee."

Adaline Ann Williams (the life annuitant), now Mrs. Adaline W. Turner, still lives, but the said Jefferson Warren Williams died on the 6th April, 1883, leaving a widow and four children, all of full age, and a will dated 9th April, 1864, which has been duly probated, and which provides :

" *Item* 1*st.* I give and devise to my wife the legacy coming to me from the estate of Edward E. Powers, deceased, late of Columbus in the state of Georgia. * * * Also all property of every description during her natural life (she, however, selling so much thereof as may be sufficient to pay my just debts). At the death of my said wife, said property and estate to be equally divided amongst my heirs as the law directs."

The widow was appointed and has qualified as the sole executrix.

---

---

*Henry P. Butler*, for the plaintiffs.

*R. V. W. Dubois*, for the defendants, cited *Redfield on Wills*, 394, 398, 405; *Caulfield* agt. *Sullivan* (85 *N. Y.*, 153); *Parker* agt. *Bogardus* (5 *N. Y.*, 309); *De Peyster* agt. *Clandening* (8 *Paige*, 295); *Schley's Digest of English Statutes of Force in the State of Georgia*, 258; *Lumley on Annuities and Rent Charges*, 13, 14; *Savery* agt. *Dyer* (*Ambler*, 136); *Rawlinson* agt. *Dutchess of Montague* (2 *Vern.*, 666); *Brookman* agt. *Smith* (7 *L. R.*, *Exch.*, 273).

VAN VORST, *J.* — Upon an examination of the various clauses of the will of Edward E. Powers, which is now before me, and upon a consideration of the briefs submitted upon the reargument, I am satisfied that upon the happening of the death of one of the beneficiaries, to whom a share of the income was, by the terms of the will of Powers, made payable during the life of Adaline W. Turner, as provided for in the tenth clause of the will, the share of the person so dying should thereafter be paid to the legal representatives of the person so dying up to the time of the death of Adaline W. Turner (*Savery* agt. *Dyer*, *Ambler*, 139).

Jefferson W. Williams, who was entitled to a share of the income up to the time of the death of Adaline W. Turner, disposed of the legacy coming to him from the estate of Edward E. Powers by his will. Such testamentary disposition doubtless carries his proportion of the income bequeathed to him by Powers, and it should be paid to the person entitled to receive the same under his will.

Such is the construction to be given to the clause of the will of Powers under consideration upon a reargument and consideration of the question.