ALBERT DELAFIELD et al., Individually and as Executor, etc., Respondents, v. RICHARD DELAFIELD SHIPMAN, Impleaded, etc., Appellant.

The will of D. gave his residuary estate to trustees in trust "to apply and manage the same for the benefit, support and comfort" of the testator's wife and six children, who survived him, in the manner provided, which was in substance, that the trustees should provide a furnished house for a home for the widow and children, and to pay all expenses of keeping

up the same during her life, and to make a dividend of the residue of the income between the widow and children; each receiving an equal share, and each " to defray out of his or her share " his or her personal expenses. The will directed the trustees, upon the death of the widow, to make an equal division of the trust estate between his children then living, the issue of any deceased child to receive the share the parent would have received if living. Harriet, one of the children, died during the life-time of the widow, leaving her husband and one child surviving, and leaving a will by which she gave all her property to her husband for life, and remainder to her child. In an action for the construction of the will of D., *held,* that his children took no vested interest in the *corpus* of the trust estate until the death of the widow, but that it vested in the trustees; that the widow and children took the surplus income, not as a class, but distributively as tenants in common; that when the daughter died the one-seventh of such surplus income payable to her did not pass to the surviving six beneficiaries, but was undisposed of under the will, and devolved upon the child of the daughter under the Revised Statutes. (1 R. S. 726, § 40.)

*Delafield* v. *Shipman* (34 Hun, 514), reversed.

(Argued October 13, 1886; decided November 23, 1886.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, entered upon an order made January 9, 1885, which affirmed a judgment entered upon a decision of the court on trial at Special Term. (Reported below, 34 Hun, 514.)

This action was brought for the construction of the will of Richard Delafield, deceased. The will was dated January 17, 1873, and the testator died on the 5th day of November following, leaving a widow then aged sixty-two years and six children — five daughters and one son — all unmarried adults and members of his family.

After several devises and bequests the will contained the following clauses: "All the rest, residue and remainder of my estate of every description and wheresoever situated, I give, devise and bequeath to my executors and trustees hereinafter named, in trust to apply and manage the same for the benefit, support and comfort of my wife and children in the manner following, to-wit: In the first place, to provide, during the life of my wife, a furnished house as a home for my wife and children, and out of the income of my estate to provide for

the expense of keeping said house so as to enable my said family to live in the manner they have been accustomed to — said house and the keeping of the same to be under the control and direction of my wife as the head of the establishment; secondly, to keep the house and furniture in good repair, and from time to time to renew the worn-out furniture; thirdly, to pay all taxes and assessments on the property; and fourthly, either semi-annually or quarterly to make a dividend of the residue of the income after satisfying the objects hereinbefore provided for, equally between my wife and my six children aforesaid, so as to give each of my said children and my wife an equal share of the whole, and each one is to defray out of his or her share of said income his or her personal expenses, such as for wearing apparel, traveling, etc.

"*Item:* Upon the death of my wife, I direct that my executors and trustees shall make an equal division of my whole estate not herein specifically otherwise disposed of among and between my children then living, and the descendants of any deceased child who may have married and died leaving issue, so that such descendants of any deceased child will receive the same share which their parent would have received if living."

He appointed his wife, son and daughter Susan executors and trustees under the will, and they entered upon the discharge of the trusts. The trust estate yielded an annual income of $21,000, and of this $7,000 was required to defray the expenses of maintaining the family home as provided in the will, leaving a surplus of $14,000 to be annually divided between the widow and six children. The widow is still living. After the death of the testator Harriet Cecil, one of the daughters, married Edgar J. Shipman, and subsequently died leaving an infant child, the appellant, and a will, in which she gave all her property to her husband for life, and after his death to her children.

Mr. Shipman claimed that after the death of his wife one-seventh of the surplus income was payable to him under the will; and it was claimed on behalf of the appellant that the one-seventh was payable to him. The trustees claimed that

such income was payable to the widow and six children as a class, that upon the death of Mrs. Shipman it became payable to the six survivors, and that the *corpus* of the estate vested in the trustees during the life of the widow, and did not vest in the children until after her death ; and so it was held in the court below.    Mr. Shipman did not appeal to this court.

*William C. Beecher* for appellant.    Richard Delafield by his will vested the estate immediately upon his death in his six children individually.    (*Embury* v. *Sheldon*, 68 N. Y. 234; *Manice* v. *Manice*, 43 id. 303 ; *Everitt* v. *Everitt*, 29 id. 39.) An estate is vested when there is an immediate right of personal enjoyment or a present fixed right of future enjoyment. (4 Kent, 202; *Sheridan* v. *House*, 4 Keyes, 569 ; 1 R. S. 727, § 44; *Everitt* v. *Everitt*, 29 N. Y. 72–75.)    The direction to the executors and trustees to divide and pay over to his children then living refers to and relates back to the date of the testator's death.    (*Moore* v. *Lyons*, 25 Wend. 144; *Scott* v. *Guernsey*, 48 N. Y. 106 ; *Manice* v. *Manice*, 43 id. 303; *Livingston* v. *Green*, 52 id. 118; *Kelly* v. *Kelly*, 51 id. 50 ; *Hopkins* v. *Hopkins*, 1 Hun, 355; *Weed* v. *Aldridge*, 2 id. 531 ; *Embury* v. *Sheldon*, 68 N. Y. 227; *Stevenson* v. *Lesley*, 70 id. 512 ; *Warner* v. *Durant*, 76 id. 133 ; *Robert* v. *Corning*, 89 id. 225.)    The provision of the will of the testator directing his executors to divide his estate upon the death of his widow, between his children then living and the descendants of any deceased child who may have married and died, leaving issue, refers to those of his children living at the death of the testator, and to the descendants of any of his children who may have married and died previous to his death, leaving issue. (*In re Mahan*, 32 Hun, 73.)    The suspension of the power of alienation of this estate until the death of Mrs. Delafield was valid.    (1 R. S. 726, § 40; *Cook* v. *Lowry*, 95 N. Y. 103 ; *Embury* v. *Sheldon*, 68 id. 227, 237 ; *Shettler* v. *Smith*, 41 id. 328, *Gilman* v. *Reddington*, 24 id. 9, 19.)    The law favors vested rather than contingent estates, and the remainder is not to be considered as contingent in any case where it may be

vested consistently with the intention of the testator. (*Embury* v. *Sheldon*, 68 N. Y. 236; 2 Redf. on Wills, 218, subd. 7.) The fact that the legal title to the estate is in the trustees for the purposes of the trust does not prevent the vesting of an estate in a legatee. (*Embury* v. *Sheldon, supra,* 234.)

*Charles M. Da Costa* for respondents. The intention of the testator, that the *corpus* of the estate should not vest until the death of his wife, is clearly and explicitly evinced. (*Shipman* v. *Rollins*, 98 N. Y. 311, 324; *Warner* v. *Durant*, 76 id. 133, 136; *Smith* v. *Edwards*, 88 id. 92, 103, 104; *Kelso* v. *Lorillard*, 85 id. 177; *Vincent* v. *Newhouse*, 83 id. 505; *Hoppock* v. *Tucker*, 59 id. 202; *Carmichael* v. *Carmichael*, 4 Keyes, 346.) Where a gift is to a class, it vests in and belongs to those who answer the description (here, the surviving children) at the time of the distribution. (*Delany* v. *McCormack*, 88 N. Y. 174 183; *Teed* v. *Morton*, 60 id. 502, 506.) The legacy of the income was to the beneficiaries as a class, and the survivors alone were entitled to share therein. (*Palmer* v. *Horn*, 84 N. Y. 516, 520; *Ferrer* v. *Payne*, 81 id. 281, 285; *Shiers* v. *Ashworth*, L. R., 25 Ch. Div. 162; *Barker* v *Lea*, 1 Turner & R. 413; *Bliven* v. *Seymour*, 88 N. Y. 469, 477; *Purdy* v. *Hayt*, 92 id. 446, 453; *Hoppock* v. *Tucker*, 59 id. 202, 208; *Downing* v. *Marshall*, 23 id. 366, 373; *Towne* v. *Weston*, 132 Mass. 513, 516; *Schaffer* v. *Kettell*, 14 Allen, 528, 531.) The claim that the children did not take as a class is contrary to the presumption of law, and this presumption can never be overcome except by clear and unequivocal language. (*Wood* v. *Mitcham*, 92 N. Y. 375, 379.)

EARL, J. We agree with the court below, and with the contention of the respondents that the *corpus* of the residuary estate did not during the life of the widow vest in the testator's children, and for this conclusion the cases of *Warner* v. *Durant* (76 N. Y. 133), *Smith* v. *Edwards* (88 id. 92), and *Shipman* v. *Rollins* (98 id. 311), are ample authority. The whole income is not given to the children during the life of the widow,

and during her life the estate is vested in the trustees. There is no direct gift to the children, but simply a direction for a division among them after the death of the widow. In *Warner* v. *Durant*, FOLGER, J., said : " Where there is no gift, but a direction to executors or trustees to pay or divide, and to pay at a future time, the vesting will not take place until that time arrives." In *Smith* v. *Edwards*, FINCH, J., said, that " it has been often held that if futurity is annexed to the substance of the gift, the vesting is suspended," and that " when the only gift is in the direction to pay or distribute at a future time, the case is not to be ranked with those in which the payment or distribution only is deferred, but is one in which time is of the essence of the gift." These general rules must control the construction of this will, as there is nothing in its context or general language which renders them inapplicable. This construction too is in harmony with the presumed intention of the testator. He vested the whole estate in the trustees during the life of his widow, and during that time evidently intended that it should remain there, and not be subject to the disposal of his children, or liable to be seized by their creditors ; and after the death of his widow he gave it, not to the children living at his death, but to the children and descendants of children, deceased, living at her death.

It is clear that the testator intended that his wife and children should take the surplus income, not as a class, not as joint tenants, but distributively as tenants in common. Such is the plain language of the will. The trustees were to divide the surplus " equally between " his wife and six children so as to give each " an equal share," and " each one " was " to defray out of his or her share " his or her personal expenses. Such language is always held to constitute the beneficiaries tenants in common, and to show that they take distributively, unless there is something in other provisions of the will to show that the testator intended that they should take as a class, and so it was held in *Hoppock* v. *Tucker* (59 N. Y. 202). Here there is nothing in the will to control, modify or limit the plain meaning of this language. The tes-

tator's wife was not old, and it appears that he contemplated that one or more of his children might, during her life, marry, die and leave descendants. He made no provision for the support of such descendants in the family home, and it cannot be supposed that he intended they should during the life of his widow be left without any means of support. He put such descendants in the place of their deceased parents after the death of his widow, and it is fair to infer that he expected that they would in some way take the place of their parents during her life. A construction giving such effect to the will will certainly come nearest to the presumed intention of the testator.

Therefore, when Mrs. Shipman died the one-seventh of the income, which was payable to her during her life, did not pass to the surviving six, but was undisposed of by the terms of the will and was devolved upon the appellant under the Revised Statutes (1 R. S. 726, § 40), which provide as follows: "When, in consequence of a valid limitation of an expectant estate, there shall be a suspension of the power of alienation or of the ownership, during the continuance of which the rents and profits shall be undisposed of and no valid direction for their accumulation is given, such rents and profits shall belong to the person presumptively entitled to the next eventual estate." This case precisely fits that section. There is a valid limitation of an expectant estate to the appellant. During the life-time of the widow there is a suspension by a valid trust of the power of alienation, and since the death of Mrs. Shipman the income is undisposed of by the will, and the appellant is the person presumptively entitled to the next eventual estate, and, therefore, entitled to the income otherwise undisposed of.

The judgments of the General and Special Terms should, therefore, be reversed, and judgment entered in accordance with this opinion, the costs of all parties in the Supreme Court and in this court to be paid by the trustees out of the surplus income of the trust estate.

All concur.

Judgment accordingly.