IN THE MATTER OF THE JUDICIAL SETTLEMENT OF THE ACCOUNTS OF JOHN MUIR, EXECUTOR OF JOHN WILSON, DECEASED.

*Legacy to the brothers and sisters of the testator—when they take distributively as tenants in common and not as a class.*

A testator, after directing his executor to convert his estate into money and pay off all his debts and liabilities, bequeathed one-half of all the money so realized to his widow, and further provided as follows: "I give and bequeath to my brothers, Philip and Charles, and my sisters, Euphemie, Agnes and Elizabeth, the residue and rest of all moneys so realized, after all dues have been paid, it constituting the half moneys aforesaid. My brothers, Philip and Charles, and sisters, Euphemie, Agnes and Elizabeth, to share and share alike."

*Held,* that each brother and sister took distributively as a tenant in common, and that the shares of the two sons, who died before the testator, lapsed and went to the widow, under section 75 of article 3 of title 3, chapter 6 of part 2 of the Revised Statutes, and not to the sisters.

APPEAL from a decree of the surrogate of Kings county, rendered upon the final accounting of the executors of the last will and testament of John Wilson, deceased.

*Francis H. Bosworth,* for Euphemie Wilson and other legatees, appellants.

*John Wilson,* for John H. Allen, executor, etc., of Mary Wilson, deceased, respondent.

*Alfred E. Mudge,* for John Muir, executor, etc., of John Wilson, deceased, respondent.

DYKMAN, J. :

This is an appeal from a decree of the surrogate of Kings county, rendered upon the accounting of the executor of the last will and testament of John Wilson, deceased.

The question involved upon this appeal is presented by the fourth clause of the will of John Wilson, which is as follows : " Fourth. I give and bequeath to my brothers, Philip and Charles, and my sisters, Euphemie, Agnes and Elizabeth, the residue and rest of all moneys so realized after all dues have been paid, it constituting the half moneys aforesaid ; my brothers, Philip and Charles and sisters, Euphemie, Agnes and Elizabeth to share and share alike." Philip and Charles, the two brothers named in this provision of the will died before the testator but subsequent to the execution of his will. In the first clause of his will the testator devised a house and lot to his wife, and in his second clause he directed his executor to convert all the residue of his estate into money, and pay off all his debts and liabilities. Then by the third clause he bequeathed to his wife one-half of all the money so realized after all dues were paid. Then followed the fourth clause bequeathing the residue of the money as we have seen. Upon this accounting before the surrogate, the sisters claimed the whole of the residue bequeathed by the fourth clause by right of survivorship. They insisted upon a construction that should manifest the intention of the testator to give

one-half of the residue of his estate to his brothers and sisters jointly, as a class of persons and not as individuals. The widow, on the contrary, or rather her executor, contended that the language of the will constituted the beneficiaries tenants in common, and that each brother and sister took distributively under the fourth clause of the will. Under such a construction the legacies to the two deceased brothers lapsed, and their share went to the widow under the Revised Statutes. (Pt. 2, chap. 6, tit. 3, art. 3, § 75, 2 R. S., 96) The surrogate decided in accordance with the contention in behalf of the widow and made his decree accordingly. The rule in this State has been followed by the surrogate and his decree should be affirmed. Language like that employed in the fourth clause has been held to constitute the beneficiaries tenants in common, taking distributively unless other portions of the will required a different construction, which is not the case here. (*Delafield* v. *Shipman*, 103 N. Y., 468 ; *Hoppock* v. *Tucker*, 59 id., 202.)

The decree should be affirmed, with costs to be paid by the appellants.

BARNARD, P. J., concurred,

Part of decree appealed from affirmed, with costs.