62  467
29ap379
62  467
35ap214

JAMES W. KELLY, AS EXECUTOR OF CATHARINE CASEY, DECEASED, PLAINTIFF, *v.* ANN CASEY AND ANOTHER, AS EXECUTORS OF LUKE CASEY, DECEASED, DEFENDANTS.

*Will — a legacy to one during the life of a widow and a subsequent provision for the legatee after the widow's death — effect of the death of the legatee before that of the widow.*

One Luke Casey, by the second clause of his will, gave to his sister, who was six years older than his wife, an annual income of $200 during the life of his wife; by the third clause he gave to his wife the residue of the income of all his estate, and by the fourth clause he directed that upon her death the estate should be divided into three shares, one of which he gave to his sister. The sister died before the widow.

Upon the submission to the court of certain questions arising between the widow and the executors of the sister as to the legacy of the sister:

*Held,* that it was the testator's intention to give the legacy of $200 a year to his sister only during her life, and that upon her death before the widow such income passed to the widow for her life, and not to the legal representatives of the sister during the rest of the widow's life. (BARRETT, J., dissenting.)

SUBMISSION of a controversy between James W. Kelly, as executor of Catharine Casey, as plaintiff, and Ann Casey and Hugh

Keegan, as executrix and executor of Luke Casey, deceased, as defendants, under the Code of Civil Procedure (§ 1279 *et seq.*)

*Horace K. Doherty*, for the plaintiff.

*John Weber*, for the defendants.

DANIELS, J. :

The will which it is the object of this proceeding to construe, was made and executed by Luke Casey, who died on the 21st of May, 1885. By this will he directed to be paid to his sister Catharine Casey, an annual income of $200 during the life of his wife Ann Casey. And he then gave and bequeathed to his wife the residue of the income of his estate, both real and personal. At the time when the will was executed Catharine Casey was of the age of sixty years, and Ann Casey was of the age of fifty-four years. Catharine Casey died on the 5th of October, 1887. And since her decease the legacy directed to be paid to Catharine Casey has been claimed by her executors for the benefit of her legatees. And. the point to be determined for the disposition of the case is whether these executors or the widow of Luke Casey became entitled to the legacy after the decease of Catharine Casey.

If the second and third paragraphs of the will, which are as follows :—" Secondly. I give and bequeath to my sister Catharine Casey, an annual income of two hundred dollars during the life of my wife Ann Casey. Thirdly. I give and bequeath to my said wife all the remainder of the income of my estate, real and personal " — stood entirely alone, then the legacy of $200 directed by the testator to be paid to his sister Catharine would continue and be payable to her executors during the lifetime of his widow Ann Casey. The cases of *Savery* v. *Dyer* (Ambler, 139) and of *Morgan* v. *Williams* (66 How., 139), are authorities directly supporting this conclusion. But this case is attended by the additional circumstance that, by the fourth paragraph of the will, the testator directed his estate to be divided into three shares on the death of his widow, one of which he bequeathed to his sister Catharine. And that evinces his belief and expectation to have been that this sister would survive the decease of his widow. And from that circumstance it may well be inferred that his intention was that the legacy, in this manner provided for

the sister, should continue only during her lifetime. These paragraphs of the will, taken together, indicate his purpose to have been to provide this legacy of $200 yearly for his sister Catharine, and upon the decease of his widow that she should become the devisee and legatee of one-third of his estate absolutely. In this respect this case differs from those which have been already mentioned. For, in the case of *Savery* v. *Dyer*, there was no gift whatever to the legatee out of the residue of the estate. And that was a circumstance that attracted some attention in the disposition and decision of that case.

While here, from these paragraphs of the will taken together, the intention of the testator appears to have been to give to his sister this legacy during the life of the widow, upon the plain supposition that the sister would be the survivor of the two. And that upon the decease of the widow she would then be in no further need of a legacy, but would become the owner of one-third of the real and personal property left by the testator. The intention in all cases of this description is the controlling fact to be considered. (*Phillips* v. *Davies*, 92 N. Y., 199.)

And the intention of the testator, to the effect already stated, seems to have been quite plainly disclosed in this manner. It was not that the legacy should continue at all events during the life of his wife, but upon the supposition that the legatee would survive her, that she should receive the legacy during the life of the widow and then absolutely take this share in the testator's estate upon her decease. And that appears to exclude the intention that the sister should, at all events, become entitled to this legacy during the lifetime of the widow in case the sister should be previously deceased. Judgment should, accordingly, be directed in favor of the defendants on the points presented by this case for the determination of the court, directing payment of the income of the estate, under the second paragraph of the will, to the testator's widow during her life.

VAN BRUNT, P. J., concurred in result.

BARRETT, J. (dissenting) :

There is no material distinction between the facts of this case and those passed upon in *Savery* v. *Dyer* and *Morgan* v. *Williams*. It may be that the testator here expected his sister to outlive his wife,

although that is uncertain, as the sister was six years older than the wife. But even if he had that expectation, why should an intention be inferred to continue the annual income given to his sister *only during her lifetime ?* He has expressly said that it should continue during the lifetime of his wife. Our decision frustrates this explicit direction.

As Lord HARDWICKE intimated in *Savery* v. *Dyer,* there is here no question of intent. We are dealing with the legal import of plain words. The bequest over to this sister upon the death of his wife, instead of limiting the legacy in question to the life of the sister, plainly leaves such legacy to run on until stopped by the vesting of the estate in enjoyment.

Thus the whole income is effectually disposed of until the death of the wife, and the whole estate is then disposed of. Again, what is the widow to have during her own life? *The residue of the income* after the payment of the annual $200 to the sister. There is not a hint anywhere in the will that, upon the death of the sister, this $200 per annum is to go to the widow. Nor is there an intimation that, under any circumstance, the widow is to have more than the residue of the income after paying the $200 per annum. The defendants claim that, upon the death of the sister, the $200 per annum fell into this residue by operation of law, for the reason that Catharine Casey was personally the sole object of the testator's bounty, and that consequently the legacy was to her, *and " not to her estate."* It might as well be argued that the estate over fell into the remainder for the same reason. But that is not pretended. The annual sum in question vested in Catharine Casey and her legal representatives quite as effectually as the estate over vested in her heirs, and for the same reason. There is no distinction in legal principle between this income and the estate over arising from the fact that Catharine was the object of the testator's bounty. Neither the annual income nor the estate over was limited upon the life of that object, and consequently each took effect according to the ordinary rules of succession and devolution. There is no gap between the cessation of the vested income and the enjoyment of the vested estate. They run into each other. Thus Catharine Casey or her representatives take the one until the death of the widow, and then she or her heirs take the other.

This is the scheme of the will, and it accords with its plain language, and also with such implications of intent as may possibly be gathered from its clear directions.

I think the judgment should be in favor of the plaintiffs for all the income which has accrued since Catharine Casey's death, with interest and costs.

Judgment for the defendants as directed in opinion.