| 29 | 377 |
|----|-----|
| 35 | 214 |
| 29 | 377 |
| e45 | 532 |

WILLIAM C. MONTANYE, as Administrator, etc., of CARRIE M. JEL-
LIFF, Plaintiff, *v.* GEORGE EDWARD MONTANYE and Others, as
Trustees under the Last Will and Testament of WILLIAM H.
MONTANYE, Deceased, Defendants.

*Will — construction of a clause providing for the payment of annuities from a trust
estate — duration of the term of payment.*

A testator, by the 6th clause of his will, vested the residue of his estate in trus-
tees, and provided for the payment of annuities as follows: "To my sister,
Julia R. Montanye, the sum of three hundred and twenty ($320) dollars per
year, to be paid to her quarterly during the term of her natural life, and to my
daughter, Carrie Jelliff, the sum of twenty ($20) dollars per week, to be paid
to her weekly during the lifetime of my said wife, and, also, to permit her to
have the free use and occupancy of the premises where she now resides at three
hundred and twenty East One Hundred and Fiftieth street, in said city of New
York, until the final distribution of my estate." The testator further directed
that, should either of his daughters or sisters die, without issue, during the
lifetime of his wife, her share of the income of the estate should be paid to his
wife, and by a subsequent clause of the will he provided that upon the death of
his wife this trust estate should be divided among his children, or the descend-
ants of any deceased child, except the share allotted to his daughter, Carrie
Jelliff, which was to be retained by the executors, as trustees, in trust for her,
and upon her death to be divided among her children.

The testator's daughter, Carrie Jelliff, died intestate during the lifetime of the
the testator's widow, and left her surviving her husband and three infant
children.

*Held,* that the administrator of her estate was entitled to receive twenty dollars
per week from the trustees of the estate of the testator during the continuance
of the trust estate, and was also entitled to the use of the house 320 East One
Hundred and Fiftieth street, New York city, during the same time.

SUBMISSION of a controversy upon an agreed statement of facts
pursuant to section 1279 of the Code of Civil Procedure.

*Thomas M. Rowlette,* for the plaintiff.

*John A. Straley,* for the defendants.

INGRAHAM, J.:

The question submitted here depends upon the construction to be
given to the 6th clause of the will of William H. Montanye, deceased.
By that clause the testator vests the residue of his estate in his execu-

tors in trust, which trust is to continue during the lifetime of his wife, the trustees to receive the rents, issues and profits; and after paying the expenses of administration, the testator directs certain sums to be paid from such rents, issues and profits to his widow and children. The provision as to his daughter Carrie, the plaintiff's intestate, is as follows: "and to my daughter Carrie Jelliff the sum of Twenty ($20) dollars per week, to be paid to her weekly, during the lifetime of my said wife, and also, to permit her to have the free use and occupancy of the premises where she now resides, at Three hundred and twenty East One hundred and fiftieth street in said City of New York, until the final distribution of my estate, provided, however, that should my said daughter renew her relations with her husband, Charles Jelliff, or live with him, or be divorced and again marry, then it is my will and I do order my said executors and executrices to stop and cease the payment of the said weekly income herein provided for her, and also to stop and revoke the permission granted for the free use and occupancy of the residence herein provided for my said daughter, and I direct the said weekly income of twenty dollars per week to be paid to my said wife, Mary Elizabeth Montanye, weekly during the term of her natural life; and should either of my daughters or sisters die without issue during the lifetime of my said wife, then, and in such case, I direct my said executor and executrices, or the survivor and survivors of them, to pay such deceased child's or sister's share of the income of my said estate, together with all the rest and residue of the rents, issues, interests and income of my said estate, to my said wife, Mary Elizabeth Montanye, in quarter yearly payments during the term of her natural life." By the 8th clause of the will it is provided that upon the death of his wife this trust estate should be divided among his children, or the descendants of any deceased child, except the share allotted to his daughter Carrie Jelliff, which was to be retained by the executors as trustees in trust for her, and upon her death they were to divide the same among her children.

It seems that on the 6th day of March, 1896, and during the life of the testator's widow, the plaintiff's daughter, Carrie Jelliff, died without ever having renewed her relations with her husband, or without having married again. The said Carrie Jelliff left her surviving her husband and three infant children. She died intestate,

and letters of administration were issued to the plaintiff. The questions submitted are : *First.* " Is the administrator of the estate of Carrie M. Jelliff entitled to twenty dollars per week from the trustees of the estate of William H. Montanye, deceased, from the date of the death of Carrie M. Jelliff, during the continuance of the trust estate ? "    *Second.* " Is the said administrator entitled to the use of the house 320 East 150th street, New York city, during the continuance of the said trust estate ? "

It seems to me that both questions submitted should be answered in the affirmative.  It is not disputed but that when one gives the interest of a sum of money to A. during the life of B., and A. dies in the life of B., his executors shall have the interest during B.'s life.  This was settled by Lord Chancellor Hardwicke in *Savery* v. *Dyer* (1 Amb. 139), and I cannot find that it has ever since been questioned.  The defendants rely upon the case of *Kelly* v. *Casey*, decided by the late General Term in this department, and reported in 62 Hun, 467.  In the prevailing opinion in that case the existence of the rule before stated is acknowledged, but it was held that subsequent provisions of the will indicated that the testator had a different intention, which made the rule inapplicable to that particular case.  Mr. Justice Barrett dissented, holding that there was no question of intent, but that the court was bound to give the legal import to the plain words of the testator, and that the subsequent provision of the will did not justify a departure from the rule.  The presiding justice concurred in the result of Mr. Justice Daniels' opinion.  But in this case we think the provisions of the will confirm the intention of the testator to continue this payment after the death of his daughter until the final division of his estate upon the death of his wife.  The testator, by his will, seems to make a distinction between the annuities paid to his daughters and the annuities to be paid to his sisters.  The annuities to his sisters were to be paid during the term of their natural life, and in the same paragraph, immediately preceding the direction for the payment of the annuity to his daughter (plaintiff's intestate) is the grant of an annuity to his sister, the language of the will being : " To my sister, Julia R. Montanye, the sum of Three hundred and twenty ($320) dollars per year, to be paid to her quarterly during the term of her natural life, and to my daughter, Carrie Jelliff, the sum of Twenty ($20)

dollars per week, to be paid to her weekly, during the lifetime of my said wife." From this language it is apparent that the testator made a distinction between the annuity to be paid to his sister, which was to cease upon her death, and the annuity to his daughter, which was to continue during the lifetime of his wife; and the general clause at the end of the paragraph in question provided that should this daughter die without issue during the lifetime of his wife, the trustees were to pay this share of the income of his said · estate to his wife during the term of her natural life. Thus, his direction was to pay this weekly annuity to his daughter during the lifetime of his wife, unless the daughter should renew her relations with her husband, marry or die without issue during the lifetime of his wife, in which case this annuity was to be paid to his wife. His daughter died during the lifetime of his wife, but leaving issue, and thus the contingency upon which the annuity reserved for his daughter Carrie was to be paid to his wife upon the death of Carrie without leaving issue, has not happened. There is nothing in the 8th clause of the will to indicate a contrary intention. If his daughter Carrie survived his wife, it was the intention of the testator to provide that the daughter's share of his residuary estate should be held in trust for her, and the remainder be paid to her children upon her death; but that does not indicate an intention that her children should be left without support until his wife's death, in case his daughter should die before his wife. It is quite probable that the testator contemplated the death of his wife before that of his daughter, but nothing in the will indicates that there was any intention to deprive his daughter's children of support because his daughter did not survive his wife. Taking the whole will together, there is nothing to show that the testator did not intend to give to the words used in providing this annuity for his daughter their ordinary legal import; and we think, therefore, that the plaintiff was entitled to judgment for the amount specified in the submission, viz., the sum of $1,000, being $20 per week from the date of the death of Carrie Jelliff to January 1, 1898.

As to the right of the plaintiff, as administrator, to the use of the house in One Hundred and Thirtieth street during the continuance of the trust estate, it would seem that the right to use that house

was a part of the provision that the testator made for the support of the daughter during the life of his wife. The trustees were also " to permit her to have the free use and occupancy of the premises where she now resides, at three hundred and twenty East One Hundred and Fiftieth street, in said city of New York, until the final distribution of my estate." This permission to use the house is to continue " until the final distribution of my estate." There are no words .used indicating an intention to limit the right to occupy this house to the life of the daughter, unless she should resume her relations with her husband or marry again. We think that the provision for the annuity and the use of the house were together intended for the support and maintenance of the daughter and her children during the life of the widow.

Judgment should be directed upon the submission in favor of the plaintiff, as administrator, against the defendants, as trustees, as prayed for by the plaintiff, but as each party to this submission waives costs as against the other, there seems to be no reason for refusing to enforce this stipulation, and the judgment is without costs. Judgment is directed accordingly.

VAN BRUNT, P. J., BARRETT, RUMSEY and McLAUGHLIN, JJ., concurred.

RUMSEY, J. (concurring):

I concur with Mr. Justice INGRAHAM in the conclusion he reaches as to the payment of twenty dollars a week, for the reasons given in his opinion.

I also concur with his conclusion that the administrator is entitled to the use and occupation of the house until the final distribution of the estate. The will gives to Carrie Jeliff the use and occupation of the premises where she resides until the final distribution of the testator's estate. The law is well settled that a devise of use and occupation of land passes an estate in land, and, consequently, something more than a mere personal right to occupy it. (1 Jarm. Wills [Bigelow's ed.], 798 ; *Rabbeth* v. *Squire*, 19 Beav. 70.) This estate given to Carrie Jeliff, being a chattel real, passed to her administrator after her death. (3 Redf. Wills, 142 *et seq.*)

VAN BRUNT, P. J., BARRETT and McLAUGHLIN, JJ., concurred. ·

Judgment ordered for the plaintiff, without costs.