In the Matter of the Judicial Settlement of the Accounts of PLATT B. VIELE and JOHN M. DAVY, as Surviving Executors of the Last Will and Testament of MICHAEL FILON, Deceased.

PLATT B. VIELE and JOHN M. DAVY, as Surviving Executors of the Last Will and Testament of MICHAEL FILON, Deceased, Appellants; S. LOUISE STEWART and Others, Individually and as Executors of the Last Will and Testament of MARY E. FILON, Deceased, and Others, Respondents.

*Will — trust during two designated lives — death of a beneficiary during the continuance of the trust — subsequent disposition of the income theretofore payable to such beneficiary.*

Under the provisions of a will, by which the executors thereof are directed to hold certain real and personal estate in trust during two designated lives, and to divide the net income "among the following-named persons, share and share alike: My wife, Mary E. Philon, my niece, Emma Snap, my niece, Jerusha Naylor, my grand-nephew, John Naylor, son of my niece, Jerusha Naylor," and by the 21st clause of the will, after the termination of the two designated lives, "to convert all my property, both real and personal, into money and the proceeds to be distributed among my next of kin then living, according to the Statute of Distributions of the State of New York," the income payable during her life to Mary E. Philon, is, after her death, during the further continuance of the trust, payable, not to the other beneficiaries of the trust, but to the parties presumptively entitled, under the 21st clause of the will, to the next eventual estate.

APPEAL by Platt B. Viele and John M. Davy, as surviving executors, etc., of Michael Filon, deceased, from so much of a decree of the Surrogate's Court of the county of Monroe, entered in said Sur-

rogate's Court on the 7th day of March, 1898, as directs them to pay to the executors of Mary E. Filon, deceased, $1,110.54, being one-fourth of the net income of the trust estate accruing between January 21, 1897, the date of the death of Mary E. Filon, and January 1, 1898, the date of the accounting.

*James R. Davy,* for the appellants.

*George F. Yeoman,* for the executors of Mary E. Filon, respondents.

*Cassius C. Davy,* for Edgar Dietrich and John Minock.

FOLLETT, J.:

July 13, 1893, Michael Filon died at the city of Rochester, leaving a last will and testament, which was duly probated September 26, 1893, by the surrogate of the county of Monroe, and letters testamentary issued thereon to Mary E. Filon, Platt B. Viele and John M. Davy, the executors nominated in the will. The testator left no descendants, but left a widow and nephew and nieces, who were his heirs and next of kin. The testator by the first eighteen clauses of his will made various devises and bequests. The 19th and 21st clauses, over which this controversy arises, are as follows:

"*Nineteenth.* The balance, residue and remainder of my estate, both real and personal, of every name and description, I give, devise and bequeath to my executors hereinafter named, in trust, nevertheless, to have and to hold the same during the lives of my wife, Mary E. Filon, and my niece Emma Snapp, and to receive the rents, issues and profits thereof, and after paying all taxes, assessments, insurance and improvements, including expenses incurred in looking after and taking care of my said property, the balance, residue and remainder I direct to be divided among the following named persons, share and share alike:

"My wife, Mary E. Filon.

"My niece, Emma Snapp.

"My niece, Jerusha Naylor.

"My grandnephew, John Naylor, son of my niece, Jerusha Naylor. * * *

"*Twenty-first.* And after the death of my said wife, Mary E. Filon, and my niece Emma Snapp, I direct my executors and trus-

tees to convert all my property, both real and personal, into money, and the proceeds to be distributed among my next of kin then living according to the Statute of Distribution of the State of New York."

The income arising from this trust estate has been paid over to Mary E. Filon and to her executors up to January 21, 1897, when she died, leaving a last will and testament, which was duly admitted to probate by the Surrogate's Court of the county of Monroe, and letters testamentary issued thereon to her three children, S. Louise Stewart, Elmer E. Almy and Willey H. Almy.

The question presented by this appeal is whether the one-fourth of the net income arising from the trust estate since January 21, 1897, the date of the death of Mary E. Filon, goes (1) to Emma Snapp, Jerusha Naylor and John Naylor, to be divided equally among them ; or (2) to the executors of Mary E. Filon ; or (3) to the persons presumptively entitled, when the income is distributed, to the next eventual estate in the residuum, as provided in the 21st clause.

By the 19th clause the net income arising from the trust estate is directed " to be divided among" Mary E. Filon, Emma Snapp, Jerusha Naylor and John Naylor, " share and share alike." Under this language the beneficiaries were not joint tenants of the net income, but took it as tenants in common — distributively — one-fourth each. (*Delafield* v. *Shipman*, 103 N. Y. 463.) There is no expression in the will evincing an intention of the testator that the one-fourth of the net income bequeathed to any one of the four beneficiaries should, after his or her death, go to the co-beneficiaries. No person acquires any interest in the residuum, or in the income arising therefrom, through or from all or any of the four beneficiaries. This being so, and the four beneficiaries not taking the net income as joint tenants, a right of survivorship as between them does not exist, and the three surviving beneficiaries do not take the share of the deceased beneficiary, Mary E. Filon.

Does one-fourth of the net income arising from the trust estate since January 21, 1897, go to the executors of Mary E. Filon ?

A bequest of an annuity to A. for a definite term of years, or during the life of B., is a gift to A. and his personal representative during the term, or during the life of B., and does not expire at the death of A. (*Savery* v. *Dyer*, 1 Dick. 162 ; more fully reported, 1

Amb. 139; *Matter of Ord. Dickinson* v. *Dickinson*, 12 Ch. Div. 22; *Kelly* v. *Casey*, 62 Hun, 467; *Montanye* v. *Montanye*, 29 App. Div. 377; 2 Williams Exrs. [7th Am. ed.] 484; 2 Am. & Eng. Ency. of Law [2d ed.], 393, *et seq.*, and cases cited.)

A bequest of the income to arise from a fund to be paid to A. during the life of B., or for a term, is an absolute gift to A. and to his representatives during the life of B., or during the term. (*Attwood* v. *Alford*, L. R. [2 Eq.] 479; *Morgan* v. *Williams*, 66 How. Pr. 143; 2 Williams Exrs. [7th Am. ed.] 484; 2 Am. & Eng. Ency. of Law [2d ed.], 393, *et seq.*, and cases cited.)

In *Morgan* v. *Williams* (*supra*) the direction was that the income was to be divided among ten beneficiaries and paid to them until the death of the person upon whose life the duration of the trust estate was limited. In *Kelly* v. *Casey* (*supra*) the direction was to pay the beneficiary Catharine Casey "an annual income of two hundred dollars during the life of my wife, Ann Casey." It was conceded in that case that, had this clause stood alone, the $200 would have been payable after the death of Catharine Casey to her executor during the life of Ann Casey. It was held, however, that the subsequent clauses in the will controlled this direction, and that the $200 were not payable to the executor of Catharine Casey. In *Montanye* v. *Montanye* (*supra*) the direction was to pay "my daughter, Carrie Jelliff, the sum of twenty ($20) dollars per week, to be paid to her weekly during the lifetime of my said wife," and it was held that, under this provision, the administrator of Carrie Jelliff took the annuity. These cases are in harmony with the English cases cited. In *Delafield* v. *Shipman* (*supra*) the testator devised the residuum of his estate, consisting of realty and personalty, to trustees, to be held in trust during the life of his widow, the net income of which was to be applied, *first*, to maintain a home for his widow and six children, and, *second*, to divide the remainder equally among his widow and six children. One of the testator's daughters afterwards married Edgar Shipman, and died leaving an infant child and a will by which she gave all her property to her husband for life, and after his death to her child. The question arose whether one-seventh of the income accruing after the death of Mrs. Shipman, and before the death of the widow, went to Mrs. Shipman's executor, to her infant child, or to the widow and five surviving children, as a class,

to be divided equally among them. It was held that the direction to pay to Mrs. Shipman during the life of her mother was not sufficiently explicit to carry her share to her executor, and that her share of the income was undisposed of and passed under the Revised Statutes to the persons presumptively entitled to the next eventual estate. The direction as to the duration of the payment was more explicit in that case than in the one at bar.

By reference to the 19th clause it will be seen that the trust estate is to be held by the trustees during the lives of Mary E. Filon and Emma Snapp, and that the net income is to be divided among the four beneficiaries, share and share alike. But there is no express direction that one-fourth of the net income shall be paid to any one of the beneficiaries during the lives of Mary E. Filon and Emma Snapp. There is no language in any part of the will showing that the testator intended that the share of the net income bequeathed to each should go to his or her representative. This, it seems to me, brings the case within *Delafield* v. *Shipman* (*supra*), and it must be held that one-fourth of the net income arising since the death of Mary E. Filon was not bequeathed by the will, but goes to the persons presumptively entitled, when the net income is distributed, to the next eventual estate in the residuum (*Matter of Tompkins*, 154 N. Y. 634), who are pointed out in the 21st clause of the will.

The decree of the Surrogate's Court should be reversed, and that court directed to enter a decree adjudging that one-fourth of the net income arising from the estate since January 21, 1897, be paid to the persons presumptively entitled, when the net income is distributed, to the next eventual estate in the residuum. The attorney for the appellants and the attorney for the executors of Mary E. Filon are each entitled to a bill of costs, payable out of the income.

All concurred.

Decree of the Surrogate's Court reversed, and that court is directed to enter a decree adjudging that one-fourth of the net income arising from the estate since January 1, 1897, be paid to the persons presumptively entitled, when the net income is distributed, to the next eventual estate in the residuum. The attorney for the appellants and the attorney for the executor, Mary E. Filon, are each entitled to a bill of costs, payable out of the income.