In the Matter of the Application of JOHN OSSMAN, as Trustee under the Will of WILHELM KLUMPF, Deceased, Respondent, v. SUSAN VON ROEMER et al., Appellants.

**Will — trust estate for benefit of testator's daughter and her children — will construed and held that, the daughter and children being dead, the remainder had vested in the children and passed to their father.**

Testator devised his real estate to his executors as trustees to receive the rents and income thereof and, after payment of taxes and expenses, to pay to his widow, annually, one-third of such income, and to divide the remaining two-thirds thereof equally among his daughter and two sons. By a subsequent clause testator directed that after the death of his wife, the net income of the one-third part of his real estate, which had been paid her, should be paid to his daughter during her lifetime and that upon her· death, if she left issue her surviving, such third part of the principal should be paid over to her issue, when such issue attained the age of twenty-one years, and until such issue should become twenty-one years of age the net income of said one-third part of his real estate should be used for their maintenance and education. Testator further provided that " Should, however, my daughter die without leaving lawful issue her surviving, or should all of such issue, if any, die before attaining the age of twenty-one years, then, the said one-third part of my real estate, also the share of the income of my real estate directed to be paid to my daughter during the lifetime of my wife, shall be paid over and divided equally, share and share alike, among her then surviving brothers," and if either brother was then dead, among his issue. Testator's wife is still living, but his daughter died about nine years after his death, leaving three children, all of whom reached the age of twenty-one years and all of whom have since died leaving their father as their sole surviving heir at law and next of kin. *Held*, upon examination and construction of testator's will, that when the daughter's children attained the age of twenty-one years, survivorship ceased to be a condition, their remainders became vested and their estates passed to their heirs, and, hence, the issue of testator's sons cannot take under the will, and the husband of testator's daughter, as the only surviving heir at law and next of kin of her

children, has succeeded to their rights and is now the person presumptively entitled to the next eventual estate, and, therefore, that the income thereof goes to him.

*Matter of Klumpf*, 177 App. Div. 910, affirmed.

(Argued October 4, 1917; decided October 16, 1917.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered March 2, 1917, which affirmed a decree of the New York County Surrogate's Court construing the will of Wilhelm Klumpf, deceased.

The facts, so far as material, are stated in the opinion.

*Patrick L. Ryan* and *William Brunner* for appellants. Susan, the daughter of the testator, did not take a vested interest in the income of the estate. No part of the income could pass to her next of kin. (*Manice* v. *Manice*, 43 N. Y. 385; *Delafield* v. *Shipman*, 103 N. Y. 463.) The income from Susan's share of existing trust estate goes to the next eventual estate, pursuant to statute. (*Gould* v. *Rutherford*, 79 Hun, 281; *Manice* v. *Manice*, 43 N. Y. 303; *Matter of Harteau,* 125 App. Div. 713; 204 N. Y. 300.) The intention of the testator in disposing of his property prevails, in determining the persons presumptively entitled to the next eventual estate, unless legally prohibited. (*Clark* v. *Cammann*, 160 N. Y. 315; *Salter* v. *Drowne*, 205 N. Y. 212.) The testator's language indicates the clear intention that there shall be no final vesting of interests during the existence of the first trust. The gift to survivors of classes of beneficiaries, to take effect after the termination of the first trust, is of controlling significance. (*Matter of Crane*, 164 N. Y. 71; *Salter* v. *Drowne*, 205 N. Y. 216; *Clark* v. *Cammann*, 160 N. Y. 315; *Matter of Schlereth* v. *Schlereth*, 173 N. Y. 444; *Matter of Pulis*, 220 N. Y. 196; *Fulton Trust Co.* v. *Phillips*, 218 N. Y. 573.) The law favors that construction which permits descent to remain

in the line of ancestral blood. (*Matter of Boyce,* 37 Misc. Rep. 146; *Clark* v. *Cammann,* 160 N. Y. 315; *Scott* v. *Guernsey,* 48 N. Y. 106; *Knowlton* v. *Atkins,* 134 N. Y. 313; *McQuinn* v. *Hardenbrook,* 54 N. Y. 83; *Low* v. *Harmony,* 72 N. Y. 408; *Matter of Manning,* 50 App. Div. 407; *Byrnes* v. *Stillwell,* 103 N. Y. 460; *Matter of Miller,* 18 App. Div. 211; 155 N. Y. 645.) The next eventual estate is held by the surviving grandchildren of the testator, and they are, therefore, entitled to Susan's share of the income. (*Van Emburgh* v. *Ackerman,* 3 Redf. 501; *Delafield* v. *Shipman,* 103 N. Y. 463; *Matter of Harteau,* 204 N. Y. 300; *Matter of Tompkins,* 154 N. Y. 646.)

*George V. Grainger* for petitioner, respondent. The interest of Susan Weber under decedent's will passed to her representative, Conrad Weber. (Jessup's Redf. on Surr. Courts, 1390; Code Civ. Pro. § 2672.) Each grandchild of the decedent took a vested interest upon testator's death with open and let in for afterborn grandchildren. (*Goebel* v. *Wolf,* 113 N. Y. 405; *Livingston* v. *Greene,* 52 N. Y. 118; *Matter of Russell,* 168 N. Y. 178; *Stevenson* v. *Lesley,* 70 N. Y. 512; *Embury* v. *Sheldon,* 68 N. Y. 227; *Cammann* v. *Bailey,* 210 N. Y. 19; *Kent* v. *Church of St. Michael,* 136 N. Y. 10; *Dosher* v. *Wyckoff,* 132 App. Div. 143; *Matter of Van Kleeck,* 95 Misc. Rep. 40; *Chamberlain* v. *Taylor,* 105 N. Y. 192; *Cook* v. *Platt,* 98 N. Y. 35.) The words of gift as contained in the will of the decedent to his grandchildren are immediate and the enjoyment and possession alone were suspended. (*Matter of Crane,* 164 N. Y. 71; *Matter of Tienken,* 131 N. Y. 391; *Fulton Trust Co.* v. *Phillips,* 218 N. Y. 573.)

*Lewis S. Goebel* and *Lorlys Elton Rogers* for August Weber et al., as committee of the estate of Conrad Weber, respondent. As Susan Weber survived the testator she

took a vested interest in one-third of two-thirds of the income during the lifetime of the widow, which vested interest has now passed to Conrad Weber. (*Montague* v. *Montague*, 29 App. Div. 377; *Reynolds* v. *Collins*, 3 Hill, 441; *McGillis* v. *McGillis*, 154 N. Y. 532; *Williamson* v. *Field*, 2 Sandf. Ch. 552; *Sheridan* v. *House*, 4 Keyes, 587; *Hennessy* v. *Patterson*, 85 N. Y. 104; *Moore* v. *Lyons*, 25 Wend. 144; *Livingston* v. *Greene*, 52 N. Y. 118; *Matter of Russell*, 168 N. Y. 175; *Riker* v. *Gwynne*, 201 N. Y. 143.) The words of gift as contained in the will of the decedent to his grandchildren are immediate and the enjoyment and possession alone were suspended. (*Matter of Tienken*, 131 N. Y. 391; *Fulton Trust Co.* v. *Phillips*, 218 N. Y. 573; *Moore* v. *Lyons*, 25 Wend. 119; *Matter of Farmers' Loan & Trust Co.*, 86 Misc. Rep. 164; *Trowbridge* v. *Coss*, 126 App. Div. 679; 195 N. Y. 596; *Connelly* v. *O'Brien*, 166 N. Y. 406; *Matter of Houser's Estate*, 149 N. Y. Supp. 598.)

CARDOZO, J. This is a proceeding for the construction of a will (Code Civ. Pro. sec. 2615).

The testator gave his residuary estate to trustees upon the following trusts: " *Third.* * * * To take, collect and receive the rents, income, issues and profits of the same," and after the payment of taxes and expenses " to apply the residue of the same as follows, viz.: To pay over and to apply to the use of my wife Anna Maria Klumpf, *née* Emmer, for and during the residue of her natural life and at the end of each and every year, one third part thereof, and to divide the remaining two-thirds parts thereof equally, among my said three children, Susan Weber, Adam Klumpf and William Klumpf, for and during the term of the natural life of my said wife. * * * *Fourth.* After the decease of my said wife, I order and direct my said trustees to pay over and apply the net rents, income,

1917.] Opinion, per CARDOZO, J. [221 N. Y.]

issues and profits of one-third part of my said real estate to the use of my daughter, Susan Weber, for and during the term of her natural life. Upon the death of my said daughter leaving lawful issue her surviving I direct my said trustees to pay over and divide the said one-third part of the principal of my said real estate, to and among her lawful issue, equally, share and share, alike, as soon as such issue attains the age of twenty-one years, respectively, and until such issue attains the age of twenty-one years, respectively, I direct my said trustees to apply so much of the net rents, income, issues and profits of said one-third part of my said real estate, to the use of such issue, for its proper support, maintenance and education, as my trustees may deem proper or necessary. Should one or more of the children of my daughter die before attaining the age of twenty-one years, then her surviving children shall receive the share of the child or children so dying. Should, however, my daughter die without leaving lawful issue her surviving, or should all of such issue, if any, die before attaining the age of twenty-one years, then the said one-third part of my real estate, as also the share of the income of my real estate directed to be paid to my daughter during the life-time of my wife, shall be paid over and divided, equally share and share alike, among her then surviving brothers; should either of said brothers have died leaving lawful issue him surviving then such issue shall receive the share its parent would have taken if living."

Later clauses of the will (the fifth and sixth subdivisions) deal with the shares of the two sons, Adam and William, and follow a like plan.

The testator died in 1883. His wife is still living. The daughter Susan died in 1892. She left three children. All three reached the age of twenty-one years. All three have since died intestate. Their sole surviving heir at law and next of kin is their father, Conrad Weber.

The question to be determined is the disposition of the income until the trust shall be terminated by the death of the testator's wife.

The surrogate held that the daughter Susan took a vested interest in the income of two-ninths of the estate, not merely for her own life, but for the life of her mother; that on her death before her mother, this interest passed to her personal representatives; and that the income is now payable to her husband, Conrad Weber. Our view is that on the death of Susan Weber her interest in the income ceased; that the income then became payable to the person or persons presumptively entitled to the next eventual estate; and that the person presumptively so entitled at the present time is Conrad Weber as the successor in interest of his children. We thus reach the same conclusion as the surrogate, but by a different path.

That Susan Weber's interest in the income did not outlast her death is established by *Delafield* v. *Shipman* (103 N. Y. 463). There are other cases of like tenor (*Matter of Tompkins*, 154 N. Y. 634, 646; *Matter of Viele*, 35 App. Div. 211; *Staples* v. *Mead*, 152 App. Div. 745, 751; *Young* v. *Barker*, 141 App. Div. 801, 806; *Gould* v. *Rutherfurd*, 79 Hun, 281; *Manice* v. *Manice*, 43 N. Y. 303, 385, 386). The undisposed of income passed upon her death under section 63 of the Real Property Law to the persons presumptively entitled to the next eventual estate. Cases are cited by counsel in which gifts of income have been held to pass to the representatives of the primary beneficiary (*Montanye* v. *Montanye*, 29 App. Div. 377; *Morgan* v. *Williams*, 66 How. Pr. 139). Whether they were correctly determined, we do not now consider. We do not need to go into possible distinctions between the rights of annuitants (*Savery* v. *Dyer*, 1 Amb. 139) and those of beneficiaries under the statutory express trusts. It is enough to say that whenever the right to income was

continued in the executors until the division of the estate, the court discerned nothing in the will inconsistent with that purpose. Here a contrary purpose is unmistakably revealed. It is revealed in the direction which we find in the fourth subdivision that Susan's income shall be applied to her use during her life. It is revealed in the entire scheme of the will which plainly involves the substitution of her children as her successors in interest upon her death. Her death was intended to mark the limit of her right.

The question remains, however, who is now presumptively entitled to the next eventual estate? While Susan's children were alive, they answered that description. Now that they are dead, it becomes necessary to determine whether their interests as remaindermen were vested, or contingent upon survivorship at the termination of the trust. We think that when they attained the age of twenty-one years, survivorship ceased to be a condition, their remainders became vested, and their estates passed to their heirs. It is true the only gift is found in a direction to pay and divide upon majority. In the event of death before that time, there is a gift over to others. Up to that time, the remainder may have been contingent. If that is so, the contingency ceased when majority was attained (*Fulton Trust Co.* v. *Phillips,* 218 N. Y. 573). The conditions on which the right to division depended were then satisfied. The right was then perfect. Only the outstanding trust for the widow. has postponed its enjoyment.

To hold otherwise would ignore the principle of construction which favors the vesting of estates (*Hersee* v. *Simpson,* 154 N. Y. 496). It would ignore also the avowed struggle of courts to escape even partial intestacy (*Meeks* v. *Meeks,* 161 N. Y. 66, 71). The appellants would have us give the share in question to the issue of Susan's brothers, who are now the surviving heirs at

law of the testator. But the testator has himself prescribed the condition upon which the brothers or their issue are to take. They are to take " said one-third part of my real estate, as also the share of the income of my real estate directed to be paid to my daughter during the life time of my wife," if the daughter's children die before attaining the age of twenty-one years. The children are dead, but they have attained the prescribed age. The issue of the brothers, therefore, cannot take under the will. To sustain their claim of title, the ownership of the remainders must be held to be unprovided for, and division made as upon intestacy. We ought not to yield to such a conclusion unless driven to it by sheer compulsion.

The testator probably expected his wife to die before his children. At the same time, he did not forget that his expectations might not be realized (*Williams* v. *Jones,* 166 N. Y. 522). This is seen in the language of the ultimate gift to the brothers or their issue in the event of the death of Susan's children before majority. Brothers or issue then surviving are to take not only the principal, but also the income until the death of the testator's wife. The majority of the grandchildren or their death before majority is consistently maintained as marking the extreme limit of postponement. Then, if not before, the remainders vest in interest.

Our conclusion, therefore, is that Conrad Weber, as the heir at law of the grandchildren, has succeeded to their rights (*Matter of Brown,* 154 N. Y. 313); that he is now the person presumptively entitled to the next eventual estate; and that the income goes to him.

The order should be affirmed with costs to the respondents payable out of the estate.

HISCOCK, Ch. J., CHASE, COLLIN, HOGAN, McLAUGHLIN and CRANE, JJ., concur.

Order affirmed.