Edward S. Silver, J.
Testatrix’ will, executed in 1914 and probated in 1917, granted to the life income beneficiary of a trust a testamentary power of appointment, and an alternative disposition of the remainder in this language: “I hereby give, devise and bequeath to my said sister Katherine J. Hart the right to dispose by Will of all the estate hereby left in trust *192 to her for life unencumbered of any of the annuities charged upon it. But should she predecease me or die intestate leaving a child or children her surviving ” trust funds were to be created sufficient to pay annuities which were to continue during the lifetime of named annuitants, and the residue of the trust was, “ in the event mentioned,” given to the child or children of Katherine her surviving. In 1943 Katherine released the power of appointment. She died testate in 1968, survived by a daughter. The trustee asks for a determination whether the trustee shall continue to pay the annuities provided for in the will and determining the construction and effect of the will relating to the annuities. The trustee puts the question this way: Did testatrix intend, when referring to Katherine dying intestate and leaving a child, also intend to include her failure for any reason to exercise the power?
At the time testatrix’ will was executed the provisions of law permitting the execution of a power of appointment over personal property by a will purporting to pass all such property (L. 1897, ch. 417, § 6; Personal Property Law, § 18; now EPTL 10-6.1) were in effect. The tax advantages arising from the release of a power were not then of the importance which they became in later years by reason of the Federal acts relating thereto (14 West’s McKinney’s Forms, Estates and Surrogate Practice, § 6:02). The event which testatrix did not anticipate and did not provide for was the release by Katherine of the power. This is not surprising because of the rarity of the release of powers at the time the will was executed in 1914.
The effective part of testatrix’ will disposed of the trust estate upon its termination alternatively (1) by Katherine disposing of the estate by will, or (2) by Katherine dying intestate leaving a child her surviving. Inasmuch as Katherine did die leaving a valid will, it may not be said that she died intestate in the technical sense; nonetheless, Katherine’s will could not, and did not, dispose of the appointive property. As to that property Katherine did die intestate, and since testatrix was speaking of her own property and not the property belonging to Katherine, Katherine died intestate as to the appointive property in the sense intended by testatrix.
If the court were to indulge in the assumption that testatrix restricted the meaning of the words she used to the technical definition of intestacy, the result would be intestacy as to the remainder of the trust. The dominant purpose of the testatrix was to distribute her estate either by exercise of the power of appointment or by the alternative manner prescribed upon failure to exercise the power. The language of this will is too *193 clear to require an “ avowed struggle ” (Matter of Ossman v. Von Roemer, 221 N. Y. 381, 387) to avoid intestacy. The plan of the will is to distribute “ thoroughly and completely ” testatrix’ estate (Matter of Fabbri, 2 NY 2d 236, 241), and it is unnecessary to invoke the presumption that one who makes a will does not intend to die intestate as to any part of his estate (Matter of Cutter, 4 A D 2d 966, affd. 5 N Y 2d 1018). In the making of her will, it is apparent that testatrix failed to foresee the eventuality which did occur, that is, Katherine’s release of the power and Katherine’s dying testate without exercising the power. It is obvious that the alternative provisions of the will were to be operative if the testamentary power given Katherine was not exercised (Matter of Thall, 18 N Y 2d 186), for otherwise her plan as to the disposition of the remainder would be destroyed by a severe, technical definition of the word “ intestate ” (Matter of Fabbri, supra). This is the “ necessary implication ’ ’ that she did not intend to have her testamentary scheme defeated by the unanticipated release of the power followed by Katherine’s testacy.
The court construes testatrix’ use of the word “ intestate,” as used in the portion of the will quoted above, as “ intestate as to the fund subject to disposal by Katherine J. Hart by will.” Accordingly, the trustee shall continue to pay the annuities bequeathed in the “ fifth ” clause of the will to Margaret Fisher Lyon and to Barbara M. E. Fisher during their respective lives.