(25 App. Div. 214.)

CARR v. SMITH.

(Supreme Court, Appellate Division, First Department.   January 21, 1898.)

1. WILLS—CONSTRUCTION—VESTING OF LEGACIES.

The law favors the vesting of legacies, and, even where there is no gift except by a direction to divide at a future time, the legacy will be construed to be vested, if an intent to that effect on the part of the testator is fairly to be inferred from the whole will.

2. SAME.

Where a given word occurs more than once in a will, it is to be taken, prima facie, as bearing the same meaning in each instance.

Appeal from judgment on report of referee.

Action by William A. Carr against Emily A. Smith, executrix of Edmund A. Smith, deceased. From a judgment entered on the report of a referee, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

Philip S. Dean, for appellant.

Louis Marshall, for respondent.

RUMSEY, J.   The third provision of the fifth clause of the will of Edmund A. Smith, deceased, was as follows:

"I direct my executors to invest the sum of $20,000 in safe and productive securities, and pay the income arising therefrom semiannually to my mother, Hannah Smith, during her natural life, and after her death to divide the principal sum between Lewis Adam Wilson and Annie Louisa Wilson and Annie Smith, the daughter of my deceased brother Abel. share and share alike."

Mrs. Hannah Smith, the person to whom the income of this fund was payable for life, is dead, as also is Annie Smith, one of the persons named to receive the remainder. The interest of Annie Smith in the fund has been assigned to the plaintiff, and he brings this action to recover it. The sole question presented is whether, by the provisions of the clause above quoted, a vested remainder in one-third of that fund was given to Annie Smith. The learned referee concluded, from an examination of all the provisions of the will, that it was the intention of the testator that a remainder should be vested in the three persons to whom this fund was to be given after the death of Hannah Smith. The correctness of this conclusion is challenged by the appellant, who insists that the construction of the will is controlled by the rule that where, in a will, the only gift is contained in a direction to divide at a future time, it is contingent, and not vested, and is to be divided among those persons who answer the description of remainder-men at the time when the division is to take place. The general rule is undoubtedly well settled as claimed by the appellant (Smith v. Edwards, 88 N. Y. 104; In re Baer, 147 N. Y. 348, 41 N. E. 702); but, as has many times been said, the rule is not invariable, and always applicable, even in a case where the sole gift is contained in a direction to divide, and it will not be applied if, from a consideration of the whole will, it is to be collected that the intention of the testator was to give a vested remainder. Goebel v. Wolf, 113 N. Y. 405, 21 N. E. 388; Campbell.

v. Stokes, 142 N. Y. 23, 36 N. E. 811; Smith v. Edwards, supra.   In
all cases it is the duty of the court, in construing a grant or a will,
to search out the intention of the testator or grantor, and construe
the instrument so as to carry out that intention, unless such con-
struction is absolutely inconsistent with some well-settled rule of
law.   The intention of the testator is to be sought, of course, from
the whole will.   In examining this will, the first thing to be noticed
is that the testator has evidently intended to make a present dis-
position of all of his property to those persons whom he desired to
have it, and that he has not intended to leave to future developments
the selection of the persons who should share in the bounties created
by his will.   It is evident, from the whole will, that the testator in-
tended to name each person whom he proposed to have share in his
property after his death.   By the fifth clause he has undertaken to create
certain trusts in a portion of his property, and the persons who are
to share in those trusts are especially selected and named by him.
He has set apart a sum of money to be held during the life of his
sister, for her benefit, which he has disposed of after her death, and
he has also set apart the sum in question for his mother for her
life, to be disposed of after her death.   In each case he has not left
the persons to whom the money is to be given after the death of the
life tenant in any uncertainty whatever, nor has he mentioned a class
of persons among whom the property shall be divided, but he has
especially named the particular persons, and the portion which each
person is to take.   In the case of the fund which is set apart for his
sister, he has prescribed that, after her death, that fund should be
divided between her two children and their heirs, thus expressing
his intention that those two children should have the whole inter-
est in that fund.   So, in the division of the fund which is the sub-
ject of this action, the testator has expressed the share which each
person should take, and thereby has expressly indicated his desire
that that particular share should belong to each one of the legatees.
In the next clause of the will, after setting apart these two funds,
and providing for their disposition not only during the existence of
the trust, but after its termination, he disposes of the remainder
of his estate.   It is to be noticed that he commences the residuary
clause in these words:  "I direct my executors, after providing for
the above bequests,"—thus expressing his idea that the provisions
in the second and third items of the fifth clause of his will were ac-
tually gifts.   After thus providing for those bequests, he directs his
executors to divide the rest and residue of his estate equally between
his wife and children; the principal of each child, however, not to
be paid until they respectively arrive at the age of 30 years, the in-
terest arising therefrom to accumulate during their minority, and,
on their attaining the age of 21 years, the interest to be paid to each
of said children until he reaches the age of 30.   The gift in that
clause, as it will be noticed, is also given by the use of the word
"divide," and in no other way; but there can be no question that
the effect of that clause is to give each one of his children a vested
interest in the share which is to be given to him.   In fact, in a con-

sideration of that very clause, the court of appeals has held that the effect of it was to give to each of the children an interest in his share of the remainder which vested in him at the time of the death of the testator. In re Murphy, 144 N. Y. 557, 39 N. E. 691. It is quite clear, therefore, that, by the direction to divide in that clause of the will, the testator intended to give a vested interest to each one of the persons among whom the division was to be made. It is almost necessarily to be inferred from this that the word "divide," which was used with the intention of passing a vested interest, in the fourth subdivision of the fifth clause, was used with the same intention in the second and third subdivisions, where it appears in the same connection. We find, therefore, in this will, a plain indication that the testator intended to give to each of the persons among whom the remainders were to be divided a vested remainder. That being so, the rule is settled that the presumption is that the disposition was to take effect in interest at the date of the death of the testator. Nelson v. Russell, 135 N. Y. 137, 31 N. E. 1008. The law favors the vesting of legacies, and, even where there is no gift except by way of a direction to pay, the legacy will be construed to be vested, if an intent to that effect on the part of the testator is fairly to be inferred from the whole will. Bowditch v. Ayrault, 138 N. Y. 222, 34 N. E. 514.

For these reasons we think that the conclusion reached by the referee was correct, and the judgment entered upon his report must be affirmed, with costs. All concur.