In Equity.

William H. Moulton *vs.* Woodman E. Chapman et als.

Cumberland.    Opinion December 11, 1911.

*Wills.   Construction.   Remainders.   Revised Statutes, chapter 76, section 16.*

A testamentary remainder will not be construed to be contingent, if, consistently with testator's intention, it can be deemed vested.

A will and codicil directed payment of income to the testatrix's brother during his life, and that, at his death, the principal be paid to a specified person, etc.   *Held*, that the remainder was vested, and not contingent, entitling the remainderman's administrator to payment.

While in construing a will every clause and word should be considered, yet a clause which is unnecessary for its declared purpose and is repugnant to the other provisions of the will and unexplainable except upon the assumption that it results from an error of the scrivener, will be disregarded.

In equity.   On report.   Decree according to opinion.

Bill in equity brought by the plaintiff, William H. Moulton, of Portland, in said County of Cumberland, against Woodman E. Chapman, of Limerick, individually and as administrator of the estate of Sarah Elizabeth Chapman, late of said Limerick, deceased, and Lucy M. S. Crockett, of Buxton, both in the County of York, Joseph M. Mayall, of Vassalborough, in the County of Kennebec, John Chapman Mayall, of Boston and George W. Chapman, of Hyde Park, both in the Commonwealth of Massachusetts, and Maria Adams Rogers of Portland, in the County of Cumberland, for the construction and interpretation of the will and codicil of Eliza Chapman Rogers, late of Portland, deceased.   Answers were filed by the several defendants.   The case was then reported to the Law Court for determination.

The case is stated in the opinion.

*Augustus F. Moulton,* for plaintiff.

*Henry W. Swasey,* for Woodman E. Chapman.

*Symonds, Snow, Cook & Hutchinson,* for Maria A. Rogers.

*Walter B. Grant,* for Joseph M. Mayall, John C. Mayall and George W. Chapman.

*Ardon W. Coombs,* for Lucy M. S. Crockett.

SITTING: WHITEHOUSE, C. J., SAVAGE, SPEAR, CORNISH, BIRD, HALEY, JJ.

BIRD, J. This is a bill in equity brought for the construction and interpretation of the will and codicil of Eliza Chapman Rogers. The bill is brought by complainant as trustee under the second item of the will as modified by the second item of the codicil. The will was made the twenty-fifth day of March, 1880, and the codicil on the seventh day of June, 1900.

By the first item of the will the testatrix devised to Maria Adams Rogers, granddaughter of her late husband, a house and lot in Portland, Maine, which some two months earlier had been conveyed to her by her husband's son and also certain personal property received by her from the estate of her late husband.

The second item of the will is as follows:

"Second—I give and bequeath to William H. Moulton of said Portland, whom I hereby appoint my testamentary trustee to carry out the trusts in this will, the sum of five thousand dollars to be held by him in trust for the following purposes, to wit, to keep the same safely invested and to pay the annual income therefrom to my brother William Woodman Chapman, in quarterly payments for his support during his life, and at the decease of my said brother I hereby direct that the sum of one thousand dollars of said five thousand dollars be paid to my niece Sarah Elizabeth Chapman of Limerick, Maine, and that the remaining four thousand dollars be divided equally among my five nephews, George Smith, John Mayall, Joseph Mayall, George W. Chapman and Woodman Chapman, and that on the payment of the same said trust shall thereby terminate."

By the third item of the will another trust is created the income of which is to be paid to her sister, Lucy Maria Smith, during life and, at her decease, the trust fund is directed to be divided equally between Lucy Maria Smith, daughter of Ether S. Smith, and said Sarah Elizabeth Chapman. The remaining items of the will are unimportant.

By the first item of the codicil the testatrix devises to her brother, William Woodman Chapman, for life a farm, and the personal property thereon, in Hollis, with remainder over to her niece, Sarah Elizabeth Chapman, mentioned in the will.

The second item of the codicil is as follows :

"Second : I increase the trust fund of five thousand dollars ($5000) given by the second section of my said will to William H. Moulton, for the benefit of my brother William W. Chapman to the sum of ten thousand dollars ($10,000) to hold and apply the income thereof as set forth in said second section with regard to said sum of five thousand dollars. And on the decease of my said brother I direct that the whole of said trust fund of $10,000, be paid, transferred and conveyed to my said niece Sarah Elizabeth Chapman,—free and discharged of all trusts.

"My nephews and nieces mentioned in said second section having deceased I revoke the bequests therein made for them."

The third item is unimportant, and by the fourth item the residue of her estate is given to Maria Adams Rogers.

The testatrix died on the seventh day of June, 1900. Sarah Elizabeth Chapman died on the twenty-eighth day of May, 1903, at the age of fifty-eight and William Woodman Chapman on the twenty-third day of September, 1910, each unmarried and intestate.

The heirs-at-law of the testatrix at the time of her decease were her brother, Aaron B. Chapman, now deceased, leaving as his heirs-at-law Woodman E. Chapman and Sarah Elizabeth Chapman ; a nephew George C. Smith, and Lucy M. S. Crockett, respectively son and granddaughter of Lucy Maria Smith, a deceased sister ; Joseph M. Mayall and John C. Mayall, children of Sarah Mayall,

a deceased sister; George W. Chapman, son of George Chapman, a deceased brother; and William Woodman Chapman now deceased, as already stated.

The nephew of the testatrix, Woodman E. Chapman, administrator and heir-at-law of Sarah Elizabeth Chapman, claims that the remainder constituted under the second item of the codicil vested in said Sarah upon decease of the testatrix; the four other nephews contend that the second paragraph of the second item of the codicil shows a revocation of item two of the will in consequence of a mistake of fact entertained by testatrix and that not only should they share in the trust fund of $5000 provided by the second item of the will but also, in the same proportions, in the increase in said fund made by the second item of the codicil: while the residuary legatee denying that the remainder was vested and contesting the claim of the nephews, urges that the trust fund of the second item of the codicil should be paid to her.

In considering the claim of the nephew, Woodman E. Chapman, the second paragraph of the second item of the codicil will be disregarded for the present. It is a well recognized rule of construction of this court that no remainder will be construed to be contingent, which may, consistently with the intention of the testator, be deemed vested: *Robinson* v. *Palmer*, 90 Maine, 246, 248; *Storrs* v. *Burgess*, 101 Maine, 26, 33. A most careful scrutiny of both will and codicil fails to reveal an intention on the part of testatrix that the remainder should not vest. *Torrey* v. *Peabody*, 97 Maine, 104, 105. We cannot regard the fact that habenda in fee simple are made use of in the first item of the will and in the first and fourth items of the codicil and that no habendum appears in the second item of the codicil as conclusive, as urged, or indicative of an intention on the part of testatrix that the remainder should not vest. In the first two instances real estate is specifically devised and might be included or pass under the last or residuary clause, while in the second item of the codicil personal property only is bequeathed. Nor were such habenda necessary when used: R. S., c. 76, §16: *Hopkins* v. *Keazer*, 89 Maine, 347, 355; *Fuller* v. *Fuller*, 84 Maine, 475, 479; *Richardson* v. *Richardson*, 80

Maine, 585, 594; *Nash* v. *Simpson,* 78 Maine, 142, 146; *Mitchell* v. *Morse,* 77 Maine, 423, 425; *Jones* v. *Leeman,* 69 Maine, 489, 491.

In behalf of the residuary legatee, it is forcibly urged that the general rule that where there are no words importing a gift other than a direction to divide or pay at a future time, the legacy is contingent and does not vest until that time arrives is applicable to will before us. An examination of the cases cited in support of this contention makes it evident that the rule is applied where the remainder over is to a class the members of which are determinable only at a future time. But, it is said by one of the courts most frequently applying the rule, that it will hesitate to apply it where the gift is to legatees by name. *Roasa* v. *Harrington,* 65 N. Y. Supp. 601, 605; see *Clark* v. *Cammann,* 160 N. Y. 315; see also *Clark* v. *Shawen,* 190 Ill. 47. We conceive no occasion for its application in the present case.

The claim of the nephews arises under the second paragraph of the second item of the codicil. In construing a will it is true that every clause and word are to be taken into consideration and no clause or material matter of description rejected, but in view of the provisions of the will and codicil and the admitted facts, it seems hopeless to give a consistent or intelligent interpretation to this clause. It speaks of "nieces" mentioned in the second item of the will, yet but one niece was mentioned. It alleges that the "nieces" mentioned have deceased, but the preceding sentence bequeaths the remainder to the only niece mentioned and she was then living. The paragraph itself was wholly unnecessary since revocation of the second item of the will was unquestionably affected by the first paragraph of the codicil. It is unnecessary, inconsistent with and repugnant to other provisions of the will and codicil and unexplainable except upon the supposition that it is the result of a misconception by the scrivener of something said by testatrix. We are forced to conclude that an attempt to reconcile this clause with the other clear and unambiguous expressions of the will and codicil will be futile; *Ilsley* v. *Ilsley,* 80 Maine, 23, 25; *Cotton* v. *Smithwick,* 66 Maine, 360, 367; III Jarm. on Wills (5th Am. Ed.) 706,

(Rules of construction XII, XIII). We find nothing in this second paragraph of the second item of the codicil affecting the conclusion already reached as to the vesting of the remainder in Sarah Elizabeth Chapman nor can we find in it grounds to support the claim of the nephews to share in the remainder.

Nor do we find ground for the contention of Lucy M. S. Crockett that the remainder of the fund should be paid to the heirs-at-law of the testatrix.

Our conclusion upon the whole will and codicil is that the remainder of the fund belonging to the trust created by the second item of the codicil should be paid over by the trustee to Woodman E. Chapman, as administrator of the estate of the deceased remainderman, Sarah Elizabeth Chapman.

Costs of complainant including reasonable counsel fees to be retained from the trust fund by the trustee; reasonable costs, as between counsel and client, to be paid by the trustee from said fund to the respondents filing answers, all answering jointly to be treated as one respondent and all questions as to costs, arising hereunder, to be determined by the sitting Justice. All sums so retained and paid by the trustee are to be allowed in his account.

*Decree accordingly.*