the claim was not raised by demurrer, but the case was tried and the complaint amended. But in the case at bar the sufficiency of the complaint is challenged by the demurrer.

[7] While it is true as a general proposition that a complaint is not demurrable because the relief demanded is not that to which the plaintiff is entitled (Wetmore v. Porter, 92 N. Y. 76), it is otherwise when an action is brought in an inferior court and the jurisdiction of the court depends upon the relief demanded, which is precisely this case under provision of subdivision 3 of section 340 of the Code of Civil Procedure, which confers jurisdiction upon the County Court in a case "wherein the complaint demands judgment for a sum of money only not exceeding two thousand dollars."

[8] The plaintiff's attorney states in his brief that the action was commenced by the service of a summons, only there is no proof of this in the papers presented to me, but will assume such statement to be correct. Hence the complaint is amendable under the authority of Van Clief v. Van Vechten, 130 N. Y. 571, 29 N. E. 1017. But see Heffron v. Jennings, 66 App. Div. 443, 73 N. Y. Supp. 410, to the effect that, in an action in the County Court in which a summons and complaint are served at the same time and the complaint demands judgment in excess of $2,000, the court has no power to amend the same by reducing the amount of damages demanded to that amount; and see, also, Hamburger v. Hellman, 103 App. Div. 266, 92 N. Y. Supp. 1067.

The demurrer to a complaint upon the ground that the court has no jurisdiction of the subject of this action is sustained, with costs to the defendant, and the plaintiff is allowed to plead over upon the payment of said costs within 20 days after the entry of judgment and notice thereof.

Demurrer sustained.

---

(78 Misc. Rep. 245.)

### In re KINGS COUNTY TRUST CO.

(Surrogate's Court, Kings County. November, 1912.)

1. WILLS (§ 630\*)—CONSTRUCTION—VESTED OR CONTINGENT ESTATES.

    Where the only words of gift are contained in the direction to divide or pay, the gift vests on the testator's death if such intention appears, and is future and contingent only when the only evidence of intention is found in such direction.

    [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1464–1480, 1486, 1487; Dec. Dig. § 630.\*]

2. WILLS (§ 630\*)—CONSTRUCTION—VESTED OR CONTINGENT ESTATES.

    Where a testator survived by his widow and her son, and by three children by an earlier marriage, provided by his will that, when the son should attain his majority, the corpus of the estate should be divided among the widow and all the children, share and share alike, the surviving issue of any deceased child to take per stirpes and not per capita, and by a codicil he made a money bequest to his widow and two of the children to equalize advances made to two of his sons, and the widow died during the minority of her son, who reached full age, the provision in her favor vested at testator's death, and the decree on settlement of

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the accounts of the administrator of the will annexed of testator should provide for the payment to the executor of the widow of the money bequest with interest from the date of the advances, and a one-fifth share of the residuary estate.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1464–1480, 1486, 1487; Dec. Dig. § 630.*]

Judicial settlement of the account of the Kings County Trust Company, as administrator with the will annexed of the estate of Charles S. Fowler. Decree entered.

George V. Brower, of Brooklyn, for accounting administrator.

Joseph H. Breaznell, of Brooklyn (John T. McGovern, of Brooklyn, of counsel), for Charles S. Fowler, Jr.

G. H. Brevillier, of New York City, for Richard E. Fowler, William S. Fowler, and Abbie M. Fowler.

KETCHAM, S. The testator was survived by his widow, her son by the testator, and three children by an earlier marriage. The widow has died since the testator's death and during the minority of her son, leaving a will. Her son has attained majority since his mother's death. Portions of the testator's will are as follows:

"Fourthly. I order and direct my executrix to collect and receive the interest, rents, profits and income from my estate, real and personal, and to pay herself fifteen hundred ($1,500) dollars per annum out of the net proceeds of the same for her support and maintenance and for the support, maintenance and education of my youngest son, Charles S. Fowler, Jr., during his minority; but if the said net proceeds thereof should exceed the sum of $1,500 per annum, then and in that case I order and direct my executrix to divide such annual excess among my children, William S. Fowler, Abbie M. Fowler, Richard E. Fowler and Charles S. Fowler, Jr., equally, share and share alike, the surviving issue of any deceased child to take per stirpes and not per capita.

"Fifthly. When my said son Charles S. Fowler, Jr., shall attain his majority I order and direct my executrix to divide the corpus of my estate, real and personal, among my wife, Annie E. Fowler, and my said children, William S. Fowler, Abbie M. Fowler, Richard E. Fowler and Charles S. Fowler, Jr., equally, share and share alike, the surviving issue of any deceased child to take per stirpes and not per capita.

"Sixthly. If my said son Charles S. Fowler, Jr., should die before attaining his majority, then and in that case I order and direct my executrix upon his death to divide the said corpus to my wife, Annie E. Fowler, and my surviving children, equally, share and share alike, the surviving issue of any deceased child to take per stirpes et non per capita.

"Seventhly. Believing that equality is justice, it is my will that my wife shall share equally with my children in the division of my estate whenever the same shall be made. Therefore if any of my children should die without issue surviving before the time hereinbefore limited for the division thereof, then and in that case I order and direct that the share of the one dying shall be divided among her and my surviving children equally, share and share alike."

The codicil contains the following provision:

"Secondly. Whereas on the 7th day of July, 1902, I did advance the sum of twenty-five hundred dollars ($2,500) apiece to my sons William S. Fowler and Richard E. Fowler, now, in order to carry out the principle of equality in my said will, I desire that a like sum should be paid out of my residuary estate before the division or distribution thereof to my wife and children, Abbie M. Fowler and Charles S. Fowler, Jr., together with interest thereon from said

*For other cases see same topic & § number in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

7th day of July, 1902, and I order and direct my executrix accordingly to pay out of my said residuary estate before any division thereof shall be made, to my said wife Annie E. Fowler, the sum of $2,500, with interest thereon from July 7, 1902; to my said daughter Abbie M. Fowler the like sum of $2,500, with interest from July 7, 1902, and my said son Charles S. Fowler, Jr., the like sum of $2,500, with interest thereon from July 7, 1902, and I order and direct that the balance thereof of said residuary estate resulting from the deduction of $7,500 therefrom shall be divided among my wife and children, equally as directed by my said will."

The question is presented: Does the provision in favor of the widow upon the son's attaining majority constitute a gift which vested at the death of the testator or is it a gift contingent only upon her survival until the time of the division?

[1] The rule is stated:

"Where the only words of gift are found in the direction to divide or pay at future time, the gift is future, not immediate, contingent and not vested." Matter of Crane, 164 N. Y. 71, 58 N. E. 47.

This rule is among those canons of construction of which it has been said that they readily yield to anything in the will which appears to indicate a contrary intention (Roosa v. Harrington, 171 N. Y. 341, 64 N. E. 1), and the zeal of the courts to discover the contrary intention has been so persistent that the main rule has practically become the exception. The state of the law may well be formulated as follows: Where the only words of gift are contained in the direction to divide or pay, the gift vests upon the testator's death if such intention appears, and the gift is only future and contingent when the only evidence of intention is found in the direction to divide or pay. In the will at bar the testator not only avows his belief that "equality is justice," but makes it certain that equality among his wife and children is the standard by which his intentions are controlled, and therefore necessarily to be interpreted. In fulfillment of this purpose he directs a division of the remainder which would satisfy his idea of equality if his beneficiaries should all be alive at the time of division, but it requires interpretation to decide the further question whether his conception of equality excluded from the division the representatives of a beneficiary who might die before the distribution.

[2] The will and codicil must be taken as one instrument, in the harmony of which every part modulates and characterizes every other part to which it can be reasonably related. In the codicil there is a new provision which is made "in order to carry out the principle of equality" annunciated in the will. Under the stress of his impulse for equality and because of advances made by him to two of his sons, respectively, of $2,500, the testator provides that a sum equal to each advance shall be paid out of his residuary estate, and before the division to each of the three beneficiaries to whom no advance has been made. This purpose is manifested by repetition, and is given a meaning of peculiar weight in this discussion by his final direction, which contemplates not an equalizing payment to be made only to such beneficiaries as, lacking in advance, shall survive at the time of the division, but a payment to be made whether such beneficiaries survive or not. Under the touchstone of equality these provisions for the persons

who have had no advance must be gifts which vested at the testator's death, though postponed in payment. In no other way can an equal footing be attained. Equality would vanish if, after these sums have been detached from the remainder and enjoyed by preferred beneficiaries, another, who had received no advance, should by his death be deprived, either in his own person or otherwise, of the equalizing benefit. This eloquently appears as the testator's intention when the direction is regarded that the sums to be paid to the deferred beneficiaries shall be accompanied by interest from the time of the advances.

The vested character of the $2,500 gifts is confirmed when the codicil directs that the subject of division shall be the residue after the deduction of $7,500. This requires the payment of each sum of $2,500, whether the legatee primarily indicated shall survive or not. The whole sum of $7,500 is to be deducted, and the only thing to be divided is that which shall remain after its deduction. If one of the three beneficiaries who took no advance shall have died before the division, to whom can the $2,500 deducted to secure equality for him and removed from the residue be paid, if it be not a vested gift? If, then, the testator, in his passion for equality, has found it essential to his purpose to bestow an absolute character upon legacies solely designed to produce the equality for which he is striving, it clearly results that his general intention is that his will shall show forth not merely the kind of equality which would be attained if all his beneficiaries shall survive until the division, but primarily the equality which would only be brought about by an appropriation of his estate to take effect at his death.

The will itself is not wanting in implications that the benefits under the division were intended as vested gifts. A familiar exception to the rule first stated supra is said to be applicable where there are words importing a gift in addition to the direction to executors or trustees to pay over, divide or distribute. Matter of Crane, supra. While the expression of this subordinate rule is generally, if not always, limited to cases where the words of gift are found elsewhere than in the direction, its origin and spirit would extend it to a case where, in the direction itself, there are words of present gift, for, of course, the testamentary purpose will be evinced with equal force whether words consistent only with an intention that the benefaction shall vest at death are found within or without the phrase which forms the direction to divide.

Under the direction in this will the gifts of the remainder are made in language which elsewhere in the instrument must be confessed to effectuate a gift to take effect as vested at death. It is conceded, and cannot be questioned, that there is a devise in trust to the executors. This devise is effected by the words, "I order and direct my executors to collect, * * * to pay and to divide" the income. Unless these words produce a present estate in the trustee to take effect as an estate in possession at once upon death, there is no trust. These words are sufficient as a devise in trust, and are equivalent to the words, "I de-

vise and bequeath to my executor in trust," or else the structure of the trust must fall, which is impossible. There is no subsequent disposition of the estate or its produce which is not ushered in and characterized by the same form, "I order and direct," etc., and where in the main provision the words have an inevitable meaning the same meaning must be thrown forward into every repetition. Carr v. Smith, 25 App. Div. 214, 49 N. Y. Supp. 351, affirmed 161 N. Y. 636, 57 N. E. 1106.

Again, in the paragraph "seventhly," it is ordained as an avowed means of working equality among the wife and children that, if a child shall die without issue, the share of the one so dying shall be divided among the wife and the surviving children. This provision, it must be confessed, indicates that the share primarily intended for the child shall in one event be found in the mass of the remainder and be distributed to persons other than the representatives of the deceased child, but this purpose is reconcilable with the general purpose of the will, that all the gifts in remainder shall vest if it be regarded as a substitution of legatees for the one deceased or as a provision that the deceased child's interest, if vested, shall be subject to defeasance. But it is significant in any event that the will, though express as to the disposition of a child's share upon the death of such child, is silent as to any alternative disposition of the wife's share in case of her death, with or without issue. It is as if the testator had said that his sense of equality was satisfied without any secondary gift of the wife's interest in case of her death. Where as to four legatees the gift in remainder is laboriously subjected to defeasance or change in case of death and the gift to the fifth legatee is left without any expression as to its destination in case of death, the omission as to the fifth legatee is apparently deliberate, and therefore significant.

This case cannot be satisfactorily submitted to the control of Murtha v. Wilcox, 47 App. Div. 526, 62 N. Y. Supp. 481, and Matter of Young, 78 Hun, 521, 29 N. Y. Supp. 403, affirmed 145 N. Y. 535, 40 N. E. 226. It is sufficiently like later and more authoritative cases to be excluded from the rule that the gifts in remainder are vested when they have been "postponed for accommodation of the estate or to let in an intermediate personal estate or interest." Matter of Crane, supra. The decree should provide for the payment to the executor of the wife of the sum of $2,500, with interest from the 7th day of July, 1902, and a one-fifth share of the residue of the trust.

Decreed accordingly.