In the Matter of the Estate of THOMAS DIMOND, Deceased.

Surrogate's Court, New York County, November 13, 1930.

*Taylor, Blanc, Capron & Marsh,* for the petitioners.

*Joseph P. Brennan,* special guardian.

*William R. Hill,* for Arnold Dimond.

*William H. Button,* for Renwick B. Dimond.

*Livermore & Livermore,* for Jessie K. Dimond.

O'BRIEN, S. The trustees have accounted and have requested a construction of the will of the testator. The decedent died on the 22d day of April, 1918, and his will was subsequently probated in this court. Under the 4th paragraph of that instrument he directed that his entire residuary estate be held in trust during the life of his wife, Jennie Dimond. He further ·directed that one-half of the annual income be paid to her during that period, and the other one-half of the income be equally divided among a daughter and two sons. He left surviving his wife, a daughter and two sons. Under the 6th paragraph of the will testator created, upon the death of his wife, a secondary trust in one-third of the fund held for her benefit, after the deduction of certain advancements for the benefit of a son, James Renwick, during his life. Upon his son, James Renwick, reaching the age of fifty years, the trustees were directed to pay him one-quarter of the principal of the trust created for his benefit. The 7th paragraph of· the will reads as follows: " Upon the death of my son without children him surviving, other than his son, Renwick, I give, devise and bequeath one-third of the principal of the said trust created for his benefit to his wife, Lillian Wright Dimond, provided she survives him and is then living with him as his wife, one-third thereof to his son, Renwick, provided he is then surviving; one-third thereof to my son, Arnold, and to my daughter, Florence, but in the event that the said wife of my said son, predeceasing him or if they are not living together as husband and wife at his death, I give said one-third of the principal, bequeathed and devised to her, to my son, Arnold, and to my daughter, Florence."

*James Renwick Dimond,* the son of the decedent, died intestate on the 17th day of February, 1930. He was at that time over the age of fifty years. He left him surviving his wife, Lillian Wright Dimond, and his son, Renwick B. Dimond, as his only next of kin. Arnold Dimond and Florence Dimond, now Florence D'Olier, his brother and sister, also survived him. At the time of the death of James Renwick Dimond, Lillian Wright Dimond was not living with him as his wife.

The parties, other than the wife of James Renwick Dimond, have entered into an agreement which embodies, as they think, the correct interpretation to be given to the will of the decedent. Under the terms of that agreement they seek to have the surrogate hold that the City Bank Farmers Trust Company, as trustee, under a deed of trust executed by James Renwick Dimond, is presently entitled to one-quarter of one-half of the principal of the trust estate directed to be set aside for his benefit by the 6th clause of the will, and that Renwick Dimond, Arnold Dimond and Florence D'Olier take the other three-quarters. They have proceeded on the theory that only one-half of the residuary estate was to be held in trust for the widow during her life. They argue that the testator intended, and the court should so construe the will, that as James Renwick received the income of one-sixth of the trust fund that portion of the fund should be distributed upon his death. This interpretation in my opinion is erroneous. There is no provision in the will of testator directing a distribution to his son, James Renwick, of one-quarter of the principal of the secondary trust created for his life, should he reach the age of fifty and predecease his mother. She still survives. He intended a retention of the fund *in solido* and the payment to his wife of one-half the income of the entire fund. He did not intend to create separate trusts under the 4th paragraph of his will, nor did he intend upon the death of any of his three children before his wife, to invade the trust fund directed to be held intact during her life by payments to the remaindermen of one-half of the fund directed to be held under the secondary trusts for their benefit. She might well not receive one-half the income of the entire fund were this to be done. The secondary trust comes only into existence at the termination of the primary trust estate. James Renwick Dimond having died before the termination of the primary trust for the widow and after he had attained the age of fifty years, the remainders limited on his secondary life estate became vested, one-quarter in the trustee named in the deed of trust executed by him before his death and the other three-quarters in his son, Renwick, his brother Arnold, and his sister, Florence D'Olier, equally. Possession and enjoyment of

these remainders must be postponed until the termination of the primary trust. Under the terms of the will, it is perfectly clear the testator did not contemplate the death of his son, James Renwick, before his mother. On the contrary, every indication seems to point to the fact that he thought all of his three children would outlive her. The payment, therefore, of the income to James Renwick during her lifetime ceased upon his death. The income previously paid to him should be paid to the persons presumptively entitled to the next eventual estate as there is no valid disposition of this income in the will after his death. (*Matter of Ossman* v. *Van Roemer*, 221 N. Y. 381; *Delafield* v. *Shipman*, 103 id. 463; *Matter of Tompkins*, 154 id. 634; *Matter of Viele*, 35 App. Div. 211; *Manice* v. *Manice*, 43 N. Y. 303, 385, 386.) This income, therefore, should be paid one-quarter to the trustee under the deed of trust, and the other three-quarters to Renwick Dimond, Arnold Dimond and Florence D'Olier, who are the persons presumptively entitled to the next eventual estate.

The payment of attorney's fees set forth in the account are properly charged therein against principal as an expense of administration. (*Matter of Eddy*, 207 App. Div. 162; *Matter of Petremont*, 213 id. 318; affd., 241 N. Y. 586.)

Tax costs and settle decree on notice accordingly.