## In the Matter of the Estate of WARD H. COLLINS, Deceased.

Surrogate's Court, Westchester County, October 30, 1937.

*Henry M. Calam,* for the Ossining Trust Company, as executor, etc.

*William M. Bennett,* special guardian.

SHEILS, S. In this accounting proceeding the executor has requested a construction of the will and the confirmation of a certain contract made by said executor on May 12, 1937, with one Alvin A. Heidner, for the sale of the real property belonging to the estate of this decedent.

The decedent died October 31, 1933. He left a will, dated April 2, 1931, admitted to probate on December 12, 1933, and letters testamentary issued to the Ossining Trust Company, the executor named in said will. Letters of trusteeship were also issued to the trust company on December 26, 1933.

The decedent left him surviving his wife, Mabel C. Collins, and a brother, Theodore Collins, the latter an incompetent. Theodore Collins died on October 4, 1937. A sister, Lillie Collins, named as one of the life beneficiaries in the will of testator, predeceased him, she having died in April, 1933. Nettie Strathe and

Katharine A. Tompkins, two of the remaindermen, died in January, 1935, and June 20, 1936, respectively. The widow is still living. So far as is material here, the will provides as follows:

" *Third.* I give, devise and bequeath unto my Executor and Trustees hereinafter named all my real and personal property of which I may die seized and possessed, and wheresoever located, in trust nevertheless, for the following uses and purposes: To invest and keep invested the personal property in bonds and mortgages, or such security as is lawful in the State of New York for Trust Companies to invest in, and the interest and income arising therefrom to use 50% for the maintenance and support of my wife, Mabel C. Collins, and 25% of said income to my brother, Theodore Collins, and 25% of said income to my sister, Lillie Collins, during their natural life provided they survive me, and if the interest and income of my said personal property is insufficient for the purposes above indicated I direct and authorize my Executor and Trustee hereinafter named to sell my real estate located on Briarcliff Road in the Village of Briarcliff Manor, County of Westchester and State of New York, to the best possible advantage, either at private sale or public auction, as to my Executor and Trustee may seem fit, and the interest and income arising therefrom to provide for the comfort and maintenance of my wife, Mabel C. Collins, and also my brother, Theodore Collins, and my sister, Lillie Collins, and at the death of my wife I authorize and direct my Executor and Trustee hereinafter named to divide the said fund into two parts and to pay one part thereof to my brother, Theodore Collins, in case he is living, and the other part thereof to my sister, Lillie Collins, in case she is living, but if my brother, Theodore Collins, and my sister Lillie Collins, should predecease my wife I direct my Executor and Trustee hereinafter named to pay the said trust fund to my next of kin, Ida Chadeayne of Yorktown, N. Y.; Nettie Strathe of Millwood, Westchester County, New York; Susie Acker Atkins of Hartford, Conn. and Katharine A. Tompkins of Ossining, share and share alike, and if either should die the survivor or survivors to take the whole."

The will is construed as creating a valid trust for the lifetime of the wife, with remainder to the brother and sister of the decedent, if they be living at the time of her death or, in the event of their dying before her, to testator's named next of kin, Ida Chadeayne, Nettie Strathe, Susie Acker Atkins and Katharine A. Tompkins, share and share alike, or to the survivors or survivor of them. The intent of the will was to give a vested remainder to the brother and sister, subject to divestment in case either or both died before the wife, in which event the named next of kin are substituted as remaindermen.

The will makes no gift over of the proportionate share of the income given to Theodore Collins and Lillie Collins in paragraph third of the will in the event that either or both predeceased the wife.

The sister, Lillie Collins, having predeceased the testator and the brother, Theodore Collins, having died in the lifetime of the widow, the question arises as to who is entitled to receive their shares of the income during the life of the trust.

The Real Property Law, section 63, provides, so far as material, that " when, in consequence of a valid limitation of an expectant estate, there is a suspension of the power of alienation, or of the ownership, during the continuance of which the rents and profits are undisposed of, and no valid direction for their accumulation is given, such rents and profits shall belong to the persons presumptively entitled to the next eventual estate."

The term " next eventual estate " is defined in *Manice* v. *Manice* (43 N. Y. 303, 385) as follows: " The statute does not say the ultimate, but the next eventual estate. That is, the estate which is to take effect upon the happening of the event which terminates the accumulation. Those who presumptively will be entitled to receive the rents and profits when the period of accumulation ends, are entitled to anticipate the event which is to terminate the accumulation and to take at once the rents and profits which are undisposed of or unlawfully directed to be accumulated."

" It is a basic concept of probate law that a given item of property must at all times be owned by someone with no intervening hiatus of ownership by reason of death (*Matter of Killough*, 148 Misc. 73, 86), even though the ascertainment of the identity of such owner may at times be fraught with difficulty or even be presently impossible of absolute determination.

" The search is for the *next* eventual estate, not the ultimate possessory enjoyment. These may, of course, be the same, but are not necessarily so, since the improper or inadequate direction may occur in a primary trust which is to be followed by a secondary one before the ultimate possessory enjoyment is to be awarded. Under such circumstances, the beneficiaries of the secondary trust, if in being at the time the question arises, are the persons presumptively entitled to the *next* eventual estate. (*Manice* v. *Manice*, 43 N. Y. 303, 385.)

" In the search for the recipient of the ungiven or unlawfully accumulated income, two situations are obviously conceivable. The person thus entitled to the next eventual estate may either be definitely determinable from the provisions of the will itself or from the operation of the general rules of intestate devolution,

or the interest may be conditional upon the occurrence or non-occurrence of extraneous events, happening subsequent to the effective date of the will and prior to the arrival of the time for possessory enjoyment." (*Matter of Shupack*, 158 Misc. 873, 877, 881.)

The persons presently entitled to the next eventual estate are the two surviving next of kin, Ida Chadeayne and Susie Acker Atkins. (*Delafield* v. *Shipman*, 103 N. Y. 463; *Matter of Ossman* v. *Von Roemer*, 221 id. 381; *Matter of Dimond*, 138 Misc. 648; *Matter of Hopner*, 148 id. 748; affd., 242 App. Div. 652; *Matter of Shupack, supra.*)

The remaining question to be decided relates to the confirmation of the contract of sale made by the executor herein.

The assets of this estate, as shown by the accounting herein, consist of a parcel of real estate on Old Briarcliff road, town of Ossining, which was appraised in the estate tax proceeding at $10,000, subject to a mortgage of $1,400, various shares of stock of the Westchester First National Corporation, appraised as being of no value, unpaid balance of $1,500 on mortgage of $3,000 on property in Connecticut, and cash in bank, all aggregating the sum of $13,848.98. The accounting also shows that the executor has received, in addition to the foregoing assets, rents, interest, etc., in the sum of $383.48, making a total gross estate of $14,232.46. The executor has paid out for funeral and administration expenses, on the real property and debts, including the $1,400 mortgage on the real property on Briarcliff road, a total of $4,082.63. No interest has been paid to the widow or incompetent brother.

The will authorized the executor to sell the real estate on Briarcliff road in the village of Briarcliff Manor, if the interest and income of his personal property was insufficient for the maintenance and support of his wife, brother and sister. It is obvious from the foregoing facts that the personal estate was, at the time of his death, and still is insufficient for that purpose.

Under the terms of the will, the executor was directed to sell the real property whenever the personal property, in its judgment, was insufficient for the purposes outlined by the testator. The real property has been appraised at the sum of $8,000 and is being sold for that figure. I think that the price is fair and reasonable and the contract is approved.

Submit decree in accordance with these views.